IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL IZELL SEALS,<br><br>    Plaintiff,<br><br>v.<br><br>RODNEY K. MITCHELL, et al.,<br><br>    Defendants. | No. C 04-3764 SBA (PR)<br><br>**ORDER OF PARTIAL<br>DISMISSAL AND SERVICE** |

## BACKGROUND

Plaintiff Michael Izell Seals, a state prisoner currently incarcerated at San Quentin State Prison and a frequent litigant in federal court, filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the full filing fee.

Even when the full filing fee has been paid, a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Accordingly, the Court will screen the complaint to determine whether Defendants are required to respond.

Venue is proper in this district as the acts complained of occurred in Lake County, which is located in this district. 28 U.S.C. § 1391(b).

## DISCUSSION

**I.  Standard of Review**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Dismissal for failure to state a claim is warranted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## II.  Legal Claims

According to the allegations in the complaint, the named Defendants, who are employed by the Lake County District Attorney's Office, the Lake County Sheriff's Department and the Lake County Jail, violated his constitutional rights. Plaintiff sets forth eight claims for relief, including an allegation that he was subjected to improper force during the course of his arrest. He alleges that he has presented these claims through the jail's grievance system.

Plaintiff seeks injunctive relief and monetary damages. It seems that Plaintiff was a pretrial detainee at the Lake County Jail when he filed his claims for injunctive relief; however, he has since been convicted and transferred to San Quentin State Prison. Because Plaintiff no longer is incarcerated at the Lake County Jail, all claims for injunctive relief are DISMISSED as moot and only claims for monetary relief remain pending. See, e.g., Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (request for injunctive relief generally rendered moot when inmate is released from prison or transferred to another prison).

### A.  Excessive Force During Arrest

In his first claim for relief Plaintiff alleges that the Lake County Sheriff's Officers used excessive force against him when they arrested him on February 5, 2003.

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted).

2

Plaintiff alleges that he was subjected to excessive force during the course of his arrest by Officers John Rynhart and Lyle Thomas on February 5, 2003. Specifically, Plaintiff alleges that both officers "physically attack[ed] and choked [him] to a state of unconsciousness where [an] ambulance had to be called to come and check [him] out immediately."

Liberally construed, Plaintiff's complaint states a cognizable claim against Defendants Rynhart and Thomas for a Fourth Amendment violation.

### B.    Claims Against District Attorneys Gary Luck and Jon Hopkins

In his second and eighth claims, Plaintiff states that his criminal charges were "suspended due to [his] mental competence to stand trial." He claims that District Attorney Jon Hopkins "presented into evidence a handwritten 'letter' allegedly written by [Plaintiff] from the Lake County jail to a lady by the name [of] Vivian" and that the "letter was presented into evidence to impeach and challenge [his] current mental state to stand trial." Plaintiff further alleges that "Head" District Attorney Gary Luck "allowed his second in command [Assistant District Attorney] Jon Hopkins to violate [Plaintiff's] constitutional rights when that 'letter' was presented into evidence without the mention of 'chain of custody' and how it . . . came into their possession from the Lake County Jail."

Prosecutors are absolutely immune from liability under section 1983 when engaged in initiating a prosecution or presenting the State's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); accord Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993). Although the breach of a plea agreement may be a basis for habeas corpus, United States v. Clark, 781 F.2d 730 (9th Cir. 1986) (guilty plea rendered involuntary and subject to collateral attack when prosecutor fails to perform plea agreement), prosecutorial immunity will prevent it from being the basis for a section 1983 suit in most cases. Here, the Court concludes that Defendants Luck and Hopkins's prosecution of Plaintiff consisted of acts that are "intimately associated" with the judicial process. Therefore, they are entitled to absolute immunity for their actions in Plaintiff's mental competency hearing. Fry, 939 F.2d at 837.

Accordingly, Plaintiff's claims against Defendants Luck and Hopkins are DISMISSED because he fails to state a cognizable claim against them under § 1983.

3

### C.      **Equal Protection Claim Relating to Plaintiff's Treatment With Regard to Others**

When challenging an inmate's treatment with regard to other inmates, courts have held that in order to present an equal protection claim an inmate must allege that his treatment is invidiously dissimilar to that received by other inmates. More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials); Timm v. Gunter, 917 F.2d 1093, 1099 (8th Cir. 1990) (same).

This applies to claims of racial discrimination: "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). Invidious racial discrimination such as racial segregation, which is unconstitutional outside prisons, also is unconstitutional within prisons. See Johnson, 543 U.S. at 505-06. A claim of racial discrimination under the Equal Protection Clause requires demonstration of discriminatory intent. Washington v. Davis, 426 U.S. 229, 239-40 (1976); Jeffers v. Gomez, 267 F.3d 895, 913-14 (9th Cir. 2001) (reversing denial of summary judgment based on qualified immunity on claim that prison guard targeted black inmates while shooting to quell prison riot; because plaintiff alleged only that defendant shot at him, it was irrelevant that all but one of the inmates shot and all inmates suffering serious stab wounds in Hispanic-black riot were black). But cf. Walker v. Gomez, 370 F.3d 969, 973-74 (9th Cir. 2004) (plaintiff need not prove discriminatory intent or impact of policy or practice he is challenging if policy is suspect on its face; policy explicitly treating inmates differently by race suspect on its face).

In his third claim, Plaintiff alleges that, on July 14, 2004, two white inmates told Plaintiff that Lake County Jail Officer Robin Hauff "allowed one of them to flash his penis at her and she appeared to like it." Plaintiff claims that in a separate incident, Defendant Hauff "had wrote [him] personally up in a Lake County Jail Narrative report ("write up") that lead [sic] to eventual criminal charges being filed against [him] for the charge of 314.1 P.C. Indecent Exsposure [sic] (Misdemeanor)." Plaintiff alleges that Defendant Hauff violated his equal protection rights by not "writing up" the two white inmates for the aforementioned incident. The Court finds that Plaintiff's

4

allegations of racial discrimination based on this incident are conclusory and ambiguous.

Accordingly, Plaintiff fails to state a cognizable equal protection claim against Defendant Hauff, and this claim is DISMISSED.

### D.     Inadequate Grievance Procedures

In his third, fifth, sixth and seventh claims, Plaintiff alleges that Lake County Jail Sgt. D. Harvey "denied [him] [the] legal due process right to retrack or take back [his] inmate grievance," that Defendant Hauff denied him his due process rights when she was so "upset" when she brought back his grievance responses by "proceed[ing] to crush [his] pile of inmate grievances under [his] celldoor," that Lake County Jail Sgt. Fisher and Chief Crystal Eyerly as well as Lake County Sheriff Rodney K. Mitchell failed to properly respond to his grievances and inmate appeals; and that Chief Deputy Russell E. Perdock, Chief James Bauman, Sgt. Mark Hoffman, along with Defendants Mitchell, Rynhart and Thomas, gave him "an incomplete investigation and disposition of his citizen complaint."

There is no constitutional right to a prison administrative appeal or grievance system. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Garfield v. Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (accepting Nebraska system wherein no provision made for administrative review of disciplinary decisions). California Code of Regulations, title 15 section 3084 grants prisoners in state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also; Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (same).  A prison official's failure to process grievances, without more, accordingly is not actionable

under § 1983.  See Buckley, 997 F.2d at 495.

Accordingly, Plaintiff's claims against Defendants Harvey, Hauff, Fisher, Eyerly, Mitchell, Perdock, Bauman, Hoffman, Rynhart and Thomas based on their involvement with dealing with his citizen complaint or his grievances are DISMISSED.

### E. Deliberate Indifference to Safety Needs

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  A prisoner may state a § 1983 claim against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference standard for convicted prisoners under Eighth Amendment); Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc), cert. denied, 502 U.S. 1074 (1992) (deliberate indifference standard for pretrial detainees under Fourteenth Amendment).  A prison official need not "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault."  See Berg, 794 F.2d at 459.  Before being required to take action he must, however, have more than a "mere suspicion" that an attack will occur.  See id.

In his fourth claim, Plaintiff claims that his life and safety were threatened because his alleged "enemy," who was "in chains," was in the same transport holding cell as he was on August 2, 2004.  Liberally construed, Plaintiff's allegations amount to "mere suspicion" that an attack would occur; therefore, the Court finds that Plaintiff fails to state a cognizable claim for relief against Defendants Sestito, Leffler, Alexander, Barajas, Eyerly and Bauman.  Accordingly, Plaintiff's claim of deliberate indifference to his safety needs against these Defendants are DISMISSED.

### F. Verbal Threat

Allegations of mere threats are not cognizable under § 1983.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).      Therefore,

Plaintiff's allegations in his fifth claim that Officer Dennis Kiethly made a verbal threat against him on August 9, 2004 when Defendant Kiethly "indicated that he had no problem trying to provoke [Plaintiff] into a physical confrontation" fail to support a cognizable claim under § 1983. Accordingly, Plaintiff's claim against Defendant Kiethly is DISMISSED. In addition, Plaintiff claims that he tried to protect himself from Defendant Keithly's "hostile, unprofessional manner" by pushing the intercom button in his cell to prevent a problem. He claims that Aides Jacqueline Dufrain and Janice McMurray answered him over the intercom and prevented him from speaking with the sergeant, Defendant Fisher, regarding Plaintiff's concerns about "what might happen between Officer Keithly and [Plaintiff]." Because Plaintiff's claims against Defendant Keithly are without merit, the Court finds that, similarly, Plaintiff's claims against Defendants Dufrain and McMurray are not cognizable. Accordingly, the claims against Defendants Dufrain and McMurray are also DISMISSED.

### G.     Claims Regarding Disciplinary Hearing

Also in his fifth claim, Plaintiff alleges that after he pushed the intercom button in his cell to complain about Defendant Keithly, he received a "write-up" from Defendants Fisher, Dufrain and McMurray, which led to "ten days disciplinary lockdown." Plaintiff claims they "twisted what [Plaintiff] had told them in the way of my safety concerns around to say that [Plaintiff] might have to 'kick his ass' meaning Officer Keithly." Plaintiff claims that during his August 16, 2004 disciplinary hearing, he was "not given a fair and impartial disciplinary hearing" because there was a "conflict of interest" that was not remedied by the hearing officers: Officer S. Howard, Officer B. Smith and Aide K. Johnson. Plaintiff claims that Defendant Howard was Defendant Keithly's "partner" during "most of these occasions when [Defendant Keithly and Plaintiff] had these verbal confrontations." Plaintiff also claims that Defendant Johnson worked with Defendants Dufrain and McMurray. Finally, Plaintiff claims that he has had the same types of confrontations that he had with Defendant Keithly with Defendants Smith and Johnson.

Under the Due Process Clause, a pretrial detainee may not be punished prior to an adjudication of guilt on criminal charges in accordance with due process of law. See Bell v.

Wolfish, 441 U.S. 520, 535 (1979).  The Ninth Circuit has held that the imposition of disciplinary segregation or some other sanction against pretrial detainees as punishment for violation of jail rules and regulations is "punishment" that cannot be imposed without due process, i.e., without the procedural requirements of Wolff v. McDonnell, 418 U.S. 539 (1974).  See Mitchell v. Dupnik, 75 F.3d 517, 523-26 (9th Cir. 1996) (holding that Sandin does not apply to pretrial detainees who are punished; applying due process requirements of Wolff).

Wolff established five procedural requirements.  First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense."  Wolff, 418 U.S. at 564.  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]."  Id.  Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action."  Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on case by case analysis of potential hazards of calling particular person).  Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff."  Wolff, 418 U.S. at 570.

Liberally construed, the Court finds that Plaintiff fails to allege that he was not afforded the aforementioned Wolff requirements during his disciplinary hearing.  Accordingly, his allegations do not present a cognizable due process claim against Defendants Howard, Smith and Johnson, the hearing officers at the August 16, 2004 hearing; therefore, the claims against them are DISMISSED.

**CONCLUSION**

1. All claims for injunctive relief are DISMISSED as moot.

2. The Court finds that Plaintiff's complaint states a cognizable claim against Defendants Rynhart and Thomas for a Fourth Amendment violation.

3. Plaintiff's claims against Defendants Luck and Hopkins are DISMISSED because he fails to state a cognizable claim against them under § 1983.

4. Plaintiff's claims against Defendants Harvey, Hauff, Fisher, Eyerly, Mitchell, Perdock, Bauman, Hoffman, Rynhart and Thomas based on their involvement with dealing with his citizen complaint or his grievances are DISMISSED.

5. Plaintiff's claim of deliberate indifference to his safety needs against Defendants Sestito, Leffler, Alexander, Barajas, Eyerly and Bauman are DISMISSED.

6. Plaintiff's claim against Defendant Kiethly regarding his alleged verbal threats are DISMISSED. Similarly, Plaintiff's claims against Defendants Dufrain and McMurray regarding their reaction to Defendant Kiethly's alleged verbal threats are also DISMISSED.

7. Plaintiff's allegations do not present a cognizable due process claim against Defendants Howard, Smith and Johnson, the hearing officers at the August 16, 2004 hearing; therefore, the claims against them are DISMISSED.

8. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of: (1) the complaint as well as copies of all attachments thereto (docket no. 1) and (2) a copy of this Order upon the following officers from the Lake County Sheriff's Department: **Officer John Rynhart and Officer Lyle Thomas.** The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the Lake County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

9. The case has been pending for almost three years and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

    a. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. In addition, no later than **twenty (20) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall

9

be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to

submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

        c.     If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

        d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

       10.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **July 30, 2007** and all discovery responses must be served on or by **August 6, 2007**. In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery. The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due. If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

       11.     All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

       12.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13. Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**. If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: _5/23/07                                          _____
                                                          SAUNDRA BROWN ARMSTRONG
                                                          United States District Judge

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\~7858747.frm

12

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEALS, | Case Number: CV04-03764 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MITCHELL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Izell Seals V77488
California State Prison - San Quentin
San Quentin, CA 94974

Dated: June 20, 2007

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\~7858747.frm