1  **JONES & DYER**
   **A Professional Corporation**
2  **1800 J Street**
   **Sacramento, California 95814**
3  **Telephone: (916) 552-5959**
   **Fax: (916) 442-5959**
4
   **MARK A. JONES, State Bar #96494**
5  **KRISTEN K. PRESTON, State Bar #125455**

6  Attorneys for: Defendants John Rynhart and Lyle Thomas

7  **LATHAM & WATKINS LLP**
   **Al Pfeiffer SBN 120965**
8  **Ashley Bauer SBN 231626**
   **Meghna Subramanian SBN 251513**
9  **505 Montgomery Street, Suite 2000**
   **San Francisco, CA 94111-6538**
10 **415-395-8898**
   **415-395-8075 (fax)**
11
   Attorneys for Plaintiff Michael Izell Seals
12

13

14                IN THE UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16

17 MICHAEL IZELL SEALS,                ) NO. C-04-3764 NJV
                                       )
18                      Plaintiffs,    ) **STIPULATION AND PROTECTIVE**
                                       ) **ORDER**
19 vs.                                 )
                                       )
20 OFFICER RODNEY K. MITCHELL, et al., )
                                       )
21                      Defendants.    )
                                       )
22 _____     )

23

24         It is hereby stipulated by and between all the parties to this action by and through their

25 respective attorneys of record, that in order to protect the confidentiality of the records described

26 below, any of said records disclosed are subject to a protective order (and designated as

27 "Confidential Material") as follows:

28         1.      The following records are designated as "Confidential Material":

**STIPULATION AND PROTECTIVE ORDER**
**CASE NO. C-04-3764 NJV**

      a.    employment, training, performance and personnel records of Deputy John Rynhart and of Deputy Lyle Thomas ordered by the Court, following *in camera* review, to be produced in this action;

      b.    internal and external investigations, inquiry or commentary regarding the February 5, 2003 arrest of Plaintiff and all events relating to this arrest ordered by the Court, following *in camera* review, to be produced in this action;

      c.    Lake County Sheriff's Department standards, policies and procedures; and

      d.    all documents relating to Michael Izell Seals' arrest, booking, housing, grievances, or any other matter relating to Mr. Seals' confinement at the Lake County Jail.

2.    Confidential materials shall be used solely in connection with this litigation and the preparation of trial in this case, or any related appellate proceedings, and not for any other purpose, including any other litigation.

3.    Confidential material may not be disclosed except as set forth in paragraphs 4 and 5.

4.    Confidential Material may be disclosed only to the following persons:

      a.    Counsel for any party to this action.

      b.    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a);

      c.    Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

      d.    Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

      e.    Any "in house" expert designated by Defendants to testify at trial in this matter;

      f.    Persons shown on the face of the document to have authored or received it;

      g.    Any Neutral Evaluator or other designated ADR provider;

      h.    Such other persons as the parties may mutually agree; and

      i.    Witnesses who may have the document disclosed to them during deposition

1 proceedings; the witness may not leave the deposition with copies of the
2 documents, and shall be bound by the provisions of paragraph 5.

3     Nothing in this paragraph 4 is intended to prevent officials or employees of the County of
4 Lake, or other authorized government officials from having access to the documents if they would
5 have had access in the normal course of their job duties.  Further, nothing in this order prevents a
6 witness from disclosing event or activities personal to them, i.e., a witness can disclose to others
7 previous information given to the County of Lake with respect to what she/he saw, heard, or
8 otherwise sensed.

9     5.    Each person to whom disclosure is made, with the exception of counsel who are
10 presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided
11 with a copy of this order by the person furnishing him/her such material, and (2) agree on the record
12 or in writing that she/he has read the protective order and that she/he understands the provisions of
13 the protective order.  Such person must also consent to be subject to the jurisdiction of the United
14 States District Court, Northern District, with respect to any proceeding relating to the enforcement of
15 this order.  Defendant County of Lake shall be entitled to retain possession of the original writings
16 described above.

17     6.    At the conclusion of the trial and of any appeal or upon other termination of this
18 litigation, all Confidential Material received under the provisions of this order (including any copies
19 made) shall be delivered back to the County of Lake.  Provisions of this order insofar as they restrict
20 disclosure and use of the material shall be in effect until all Confidential Material (including all
21 copies thereof) are returned to Defendants.

22     7.    Any document filed with the Court that reveals Confidential Material shall be filed
23 under seal, labeled with a cover sheet as follows: "Michael Seals  v. John Rynhart, et al., United
24 States District Court, Northern District, Case No. C-04-3764 NJV.  This document is subject to a
25 protective order issued by the Court and may not be copied or examined except in compliance with
26 that order."  Documents so labeled shall be kept by the Clerk under seal and shall be made available
27 only to the Court or counsel.  Upon failure of the party to so file a document under seal, the
28 producing party may request that the Court place the filing under seal.

**STIPULATION AND PROTECTIVE ORDER**
**CASE NO. C-04-3764 NJV**

8. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcripts, pleadings or briefs, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

9. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any other Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting designation of addition materials as "Confidential Materials" or disclosure of Confidential Materials beyond the terms of this order.

Dated: October 8, 2010

                LATHAM & WATKINS LLP

                By:   /s/ Meghna Subramanian
                      MEGHNA SUBRAMANIAN
                      Attorneys for Plaintiff

Dated: October 8, 2010           JONES & DYER

                By:   /s Mark A. Jones
                      MARK A. JONES
                      Attorneys for Defendants John Rynhart and Lyle Thomas

## ORDER

The Court having considered the foregoing stipulation of the parties, and good cause appearing, the Court hereby orders that the above-described records relating to this matter, as more specifically described in Paragraph 1 of the Stipulation, be subject to a protective order fully incorporating the provisions set forth above. ∧ Any party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5.
Pursuant to stipulation, IT IS SO ORDERED.

Dated: __October 12, 2010_____

_____
HON. ____
United S____

*IT IS SO ORDERED AS MODIFIED*
*Judge Nandor J. Vadas*

**STIPULATION AND PROTECTIVE ORDER**
**CASE NO. C-04-3764 NJV**