UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL IZELL SEALS, | No. C-04-03764 NJV |
| Plaintiff, | ORDER FOLLOWING *IN CAMERA* REVIEW |
| v. | |
| OFFICER RODNEY K. MITCHELL, ET AL., | |
| Defendants. | |

Plaintiff Michael Izell Seals has brought a § 1983 action against Defendants John Rynhart and Lyle Thomas alleging use of excessive force during Plaintiff's arrest on February 5, 2003. Plaintiffs have served on Defendants requests for production of documents including "the complete employment, training, performance and personnel records of Deputy John Rynhart and of Deputy Lyle Thomas and diaries and other writings maintained in the course of their employment as peace officers," and "internal and external investigations, inquiry or commentary regarding the February 5, 2003 arrest of Plaintiff and all events relating to this arrest."  See Doc. No. 137 ¶ 2.  By stipulation dated October 8, 2010, Defendants agreed to produce the requested records to the Court for *in camera* review to identify relevant records.  *Id*. ¶ 3-4.  The parties further stipulated that the relevant records identified by the Court "shall be produced to Plaintiff pursuant to the stipulated protective order regarding production of documents alleged to be confidential and/or privileged.  *Id*. ¶ 5.

The Court entered the parties' stipulated protective order on October 12, 2010.  Doc. No. 139.  The stipulated protective order sets limits on the use and disclosure of "Confidential Material"

and defines "Confidential Material" to include the following documents: employment, training, performance and personnel records of Deputies Rynhart and Thomas ordered by the Court, following *in camera* review, to be produced in this action; and internal and external investigations, inquiry or commentary regarding the February 5, 2003 arrest of Plaintiff and all events relating to this arrest ordered by the Court, following *in camera* review, to be produced in this action. Doc. No. 139 ¶ 1(a) and (b).

Neither the stipulated protective order nor the stipulation regarding *in camera* review sets forth the basis for asserting a privilege for the documents designated as Confidential Material. Nevertheless, this Court recognizes a qualified official information privilege respecting confidential law enforcement records. *Soto v. City of Concord*, 162 F.R.D. 603 (N.D.Cal.1995); *Kelly v. City of San Jose,* 114 F.R.D. 653 (N.D.Cal.1987). When assessing the confidentiality of such records, the Court conducts a "case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interest of the governmental entity asserting the privilege." *Soto*, 162 F.R.D. at 613. The Court also recognizes a right of privacy that can be raised in response to discovery requests. *Id.* at 616. If an individual's privacy is at stake, the Court must balance "the need for the information sought against the privacy right asserted." *Id.* However, "a carefully drafted protective order could minimize the impact" of disclosure. *Id*.

The party asserting the official information privilege must invoke the privilege by making a "substantial threshold showing" to prevent or limit disclosure of the documents and must submit an affidavit from an agency official attesting to the confidentiality of the documents. *Kelly*, 114 F.R.D. at 669-70. Where an individual right of privacy is affected by disclosure of the documents, the party or person whose privacy is affected may either object to the discovery request or seek a protective order. *Soto*, 162 F.R.D. at 616. Here, the parties have stipulated to the confidential nature of the information contained in the documents submitted for *in camera* review.

Defendants submitted the following documents for *in camera* inspection:

1. Citizen's complaint and Internal Affairs investigation concerning 2/5/2003 arrest of Plaintiff;
2. Training records of Deputy John Rynhart;

   3.  Personnel records of Deputy John Rynhart;

   4.  Training records of Deputy Lyle Thomas;

   5.  Personnel records of Deputy Lyle Thomas.

Courts permit the discovery of police personnel files in civil rights cases because the "information may lead to evidence of a continuing course of conduct reflecting malicious intent," or "reveal the defendant officers' patterns of behavior, as well as [the department's] response to such behavior." *Soto*, 162 F.R.D. at 615. The Court has reviewed the materials and determined that the information contained therein are sufficiently relevant to Plaintiff's claim so as to require disclosure. The documents concerning the investigation into Plaintiff's arrest are relevant to Plaintiff's allegations of excessive force. Furthermore, the documents relating to the employment histories of Deputies Rynhart and Thomas are relevant to Plaintiff's claim because those officers allegedly participated in Plaintiff's arrest. *Id.* at 617. *See also DeArmand E. v. City of Antioch*, 2009 WL 1704686, *2-3 (N.D.Cal. Jun 17, 2009). Plaintiff's need for these records outweighs the police department's interest in protecting official information and the individual officers' privacy interests. Defendants' interests in maintaining the confidentiality of these records will be protected sufficiently by the protective order in place. The Court therefore orders that these documents be produced to Plaintiff's counsel subject to the stipulated protective order.

Any party that seeks to file confidential material that is subject to the stipulated protective order must comply with Civil Local Rule 79-5 and must follow the procedures for electronic filing of documents under seal set forth in General Order 62. The parties are reminded of their responsibility to redact the Social Security numbers and certain identifying information, including nonparty Social Security numbers that appear in incident reports, before filing in the public record any documents containing such information pursuant to Fed. R. Civ. P. 5.2.

IT IS SO ORDERED.

Dated: November 29, 2010

NANDOR J. VADAS
United States Magistrate Judge

3