UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL IZELL SEALS, | No. C 04-03764 NJV |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE FIRST AFFIRMATIVE DEFENSE (Doc. No. 135) |
| v. | |
| OFFICER RODNEY K. MITCHELL, ET AL., | |
| Defendants. | |

Plaintiff Michael Izell Seals brought a 42 U.S.C. § 1983 action against Defendants John Rynhart and Lyle Thomas alleging use of excessive force during Plaintiff's arrest on February 5, 2003. Plaintiff moves to strike the First Affirmative Defense of Defendants' Second Amended Answer to the Second Amended Complaint. The Court held a hearing on Plaintiff's motion on November 30, 2010, at which counsel for Plaintiff and Defendants appeared. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court DENIES Plaintiff's motion to strike without prejudice.

## I. BACKGROUND

On February 5, 2003, Deputy John Rynhart and Deputy Lyle Thomas arrested Plaintiff on charges of violation of California Health & Safety Code sections 11350(a) (possession of cocaine) and 11352 (possession of cocaine with intent to sell), violation of California Penal Code section 3056 (violation of California Department of Corrections parole status), and violation of California

Vehicle Code section 12500(c) (driving without a license). The parties' descriptions of the incident giving rise to Plaintiff's claim are detailed in the Court's September 28, 2007 Order Granting Defendants' Motion for Summary Judgment (Doc No. 71) (Judge Saundra Brown Armstrong), *rev'd by Seals v. Mitchell*, No. 07-16951, slip op. (9th Cir. May 26, 2009) (Doc. No. 90). Plaintiff alleges that, in the course of the arrest, the deputies used excessive force in violation of his Fourth Amendment rights.

On September 8, 2004, Plaintiff, appearing *pro se*, filed this civil rights action seeking damages under 42 U.S.C. § 1983. In the complaint, Plaintiff named twenty-two Defendants and asserted eight claims alleging Fourth Amendment, equal protection, and due process violations. In an Order dated May 23, 2007, the Court found that Plaintiff stated a cognizable Fourth Amendment claim against two Lake County Sheriff's Officers, Defendants Rynhart and Thomas, for alleged use of excessive force during Plaintiff's arrest on February 5, 2003. Doc. No. 55. The Court dismissed all other claims against the remaining Defendants for failure to state a claim upon which relief may be granted. *Id.* Plaintiff's claims for injunctive relief were dismissed as moot.

Defendants Rynhart and Thomas filed a motion for summary judgment on the grounds that Defendants were entitled to qualified immunity and that no triable issue of material fact existed because the force used was objectively reasonable under the circumstances. Doc. No. 61. Plaintiff filed a cross-motion for summary judgment. Doc. No. 68. On September 28, 2007, the Court denied Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment on the grounds of qualified immunity and the absence of a genuine issue as to the reasonableness of force. Doc. No. 71.

Plaintiff appealed the Court's entry of summary judgment for Defendants. The Ninth Circuit reversed this Court's grant of summary judgment and remanded. Doc. No. 90. Following remand, the action was reassigned to the undersigned judge upon the parties' consent to proceed before a United States Magistrate Judge. Counsel for Plaintiff was appointed by order dated April 20, 2010. Doc. No. 117. Pursuant to stipulation, Plaintiff filed a Second Amended Complaint on June 29, 2010. Doc. No. 124. Defendants filed an answer to the Second Amended Complaint on June 29,

2010, an amended answer on July 30, 2010, and, pursuant to stipulation, a Second Amended Answer on August 31, 2010. Doc. Nos. 126, 131 and 134.

On September 23, 2010, Plaintiff filed the present motion to strike the first affirmative defense. Doc. No. 135. Defendants timely filed an opposition and Plaintiff timely filed a reply. The Court held a hearing on Plaintiff's motion on November 30, 2010.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court may strike an affirmative defense if it presents "an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *Id.* A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *Id*. "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citation omitted).

As this Court has previously recognized, "[a]lthough the Ninth Circuit has not ruled on the proper use of a Rule 12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege." *McArdle v. AT & T Mobility LLC*, 657 F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009) (citations omitted); *accord Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (motion to strike affirmative defense is disfavored unless it appears certain that plaintiffs would succeed despite any facts that would support defendants that are inferable from the pleadings). "Accordingly, once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which

3

could be proved in support of the defense.'" *Barnes*, 718 F. Supp. 2d at 1170  (quoting *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (internal citation omitted), *vacated on other grounds by Salcer v. Envicon Equities Corp.,* 478 U.S. 1015 (1986)); *see also Securities & Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("To strike an affirmative defense, the moving party must convince the court 'that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" (quotation omitted)).

A motion to strike is a matter of discretion for the court and may be appropriate where it will streamline the ultimate resolution of the action. *Federal Savings and Loan Insurance Corp. v. Gemini Management*, 921 F.2d 241, 244 (9th Cir. 1990); *Fogerty*, 984 F.2d at 1528.  If the defense asserted is invalid as a matter of law, the court should determine the issue prior to a needless expenditure of time and money. *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001).   Motions to strike, however, are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation. *See LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992).

### III. DISCUSSION

Plaintiff moves to strike the first affirmative defense from Defendants' Second Amended Answer asserting qualified immunity on the ground that upon reversal of summary judgment for Defendants, the Ninth Circuit ruled that "defendants are not entitled to qualified immunity because it was clearly established at the time that 'force is only justified when there is a need for force.'"  Doc. No. 90.  Plaintiff contends that the law of the case doctrine bars Defendants from raising qualified immunity on remand and moves to strike that affirmative defense from the pleadings.

Defendants respond that Plaintiff misconstrues the Ninth Circuit ruling.  Defendants argue that the Ninth Circuit reversed summary judgment because Plaintiff placed material facts in dispute as to whether the amount of force used against Plaintiff was unreasonable or excessive.  Defendants further argue that the disputed facts regarding Plaintiff's excessive force claim are also facts

4

disputed for the qualified immunity defense. Thus, Defendants argue that the Ninth Circuit's reversal does not preclude Defendants from asserting qualified immunity.

### A. Law of the Case and Rule of Mandate

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. U.S.*, 841 F.2d 993, 996 (9th Cir. 1988). In particular, "[a] trial court may not [on remand] reconsider a question decided by an appellate court." *U.S. v. Houser*, 804 F.2d 565, 567 (9th Cir. 1986). The Ninth Circuit recognizes three exceptions to the law of the case doctrine when "'(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial.'" *Minidoka Irrigation Dist. v. Department of Interior of U.S.*, 406 F.3d 567, 573 (9th Cir. 2005) (quoting *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002)); *see also Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). District courts are also bound by the rule of mandate. "Although broader than the law of the case doctrine, the so-called rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Herrington v. County of Sonoma*, 12 F.3d 901, 904-05 (9th Cir. 1993).

### B. Qualified Immunity

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, --- U.S. ----, 129 S. Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). As the Ninth Circuit has recognized, *Pearson* modified the two-step sequence for resolving government officials' qualified immunity claims set forth in *Saucier v. Katz*, 533 U.S. 194, 198 (2001). *See Delia v. City of Rialto*, 621 F.3d 1069, 1074-75 (9th Cir. 2010); *James v. Rowlands,* 606 F.3d 646, 650-51 (9th Cir. 2010). The two-step protocol under *Saucier* required courts considering a qualified immunity claim to first determine "whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right," and then,

5

"if the plaintiff has satisfied this first step, [ ] decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 129 S. Ct. at 815-16. *Pearson* did not dispose of the two-prong qualified immunity inquiry established by *Saucier*, but overruled *Saucier* to the extent that *Saucier* required courts to proceed sequentially through the two-step analysis, thus giving courts discretion "'in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'" *Delia*, 621 F.3d at 1075 (quoting *Pearson*, 129 S. Ct. at 818); *see James*, 606 F.3d at 650-51 (*Pearson* "gave courts discretion to grant qualified immunity on the basis of the 'clearly established' prong alone, without deciding in the first instance whether any right had been violated.").

In its discussion of the protection of qualified immunity in *Pearson*, the Supreme Court explained as follows:

> Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton*, 483 U.S. 635, 640 n. 2 (1987).

*Pearson*, 129 S. Ct. at 815. The Supreme Court pointed out that "'we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Id*. (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Id*. at 816. The second prong under *Saucier*, that the right against excessive force was clearly established at the time of the violation, is a "purely legal" question for the court. *Serrano v. Francis*, 345 F.3d 1071, 1080 (9th Cir. 2003).

**C.    Analysis**

The Court first examines Judge Armstrong's order granting Defendants' motion for summary judgment and the Ninth Circuit's reversal of this order. On Defendants' motion for summary judgment, Judge Armstrong granted summary judgment on two grounds. First, on the merits of the excessive force claim, Judge Armstrong held that, resolving all factual disputes in Plaintiff's favor, Defendants' use of force under the totality of the circumstances was objectively reasonable such that

6

there was no genuine issue for trial concerning the excessiveness of force. Doc. No. 71 at 13. Second, Judge Armstrong held, as an alternative ground for summary judgment, that Defendants were entitled to qualified immunity with respect to Plaintiff's underlying excessive force claim. *Id*. at 17.

Both grounds were challenged on appeal to the Ninth Circuit. The Ninth Circuit reversed this Court's grant of summary judgment on both grounds. First, as to the underlying constitutional claim, the Ninth Circuit held that Plaintiff had placed a material fact in dispute by stating that Defendants, "without any provocation, choked him until he lost consciousness." Doc. No. 90 at 2. The Ninth Circuit held that this evidence could support a finding of excessive force.

Second, the Ninth Circuit held that Defendants were not entitled to qualified immunity because the constitutional right against excessive force was clearly established under *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007) (per curiam). The Ninth Circuit stated: "Further, defendants are not entitled to qualified immunity because it was clearly established at the time that 'force is only justified when there is a need for force.'" Doc. No. 90 at 2-3.

The Ninth Circuit did not expressly address Judge Armstrong's determination under the first prong of *Saucier* that Plaintiff failed to show a violation of a constitutional right. The Court infers, however, that the Ninth Circuit reversed Judge Armstrong's ruling on both *Saucier* prongs because had Judge Armstrong's determination under the first prong of *Saucier* been upheld, qualified immunity would bar Plaintiff's suit altogether. This is because if **either** *Saucier* prong is established, the defendant is entitled to qualified immunity. *See James,* 606 F.3d at 650-51 ("we may grant qualified immunity if 'the facts that a plaintiff has alleged or shown [do not] make out a violation of a constitutional right' *or* if 'the right at issue was not 'clearly established'") (emphasis added) (quoting *Pearson*, 129 S. Ct. at 816, 818); *see also Brooks v. City of Seattle*, 599 F.3d 1018, 1022 (9th Cir. 2010) ("If the Officers' actions do not amount to a constitutional violation, the violation was not clearly established, **or** their actions reflected a reasonable mistake about what the law requires, they are entitled to qualified immunity.") (emphasis added); *Hopkins v. Bonvicino*, 573 F.3d 752, 762 (9th Cir. 2009); *Skoog v. County of Clackamas*, 469 F.3d 1221, 1229 (9th Cir. 2006).

7

Furthermore, the Ninth Circuit held that a material fact was in dispute and that the evidence could support Plaintiff's underlying excessive force claim. Doc. No. 90 at 2.

In reversing the grant of summary judgment based on qualified immunity, the Ninth Circuit did not foreclose the possibility that based on the evidence presented at trial, a reasonable jury could find that Defendants' use of force was not excessive. Therefore, the Ninth Circuit also did not foreclose Defendants' ability to later renew their qualified immunity defense.

In addition, the Ninth Circuit did not decide the first *Saucier* prong as a matter of law. *Cf. Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (recognizing as law of the case earlier appellate court's legal determination regarding the second *Saucier* prong that defendants were not entitled to qualified immunity because right was clearly established and reasonable officials would have known that the challenged conduct infringed that right). Neither the law of the case doctrine, nor the rule of mandate, precludes this Court from trying the genuine dispute of material fact regarding the excessiveness of Defendants' use of force. *See Serrano*, 345 F.3d at 1077 ("If a genuine issue of material fact exists that prevents a determination of qualified immunity at summary judgment, the case must proceed to trial.").

If the jury finds that Defendants did not use excessive force in violation of Plaintiff's Fourth Amendment rights, Defendants would be entitled to qualified immunity. Plaintiff is correct that practically speaking, if the jury finds that Defendants did not use excessive force, the Defendants will have won on the merits and will not need the protection of the qualified immunity defense. But not needing an affirmative defense after a victory on the merits does not justify prematurely *striking* the defense.

Under Plaintiff's argument, the denial of summary judgment based on qualified immunity would preclude defendants from raising the defense during or after trial. Defendants can and often do, however, raise the qualified immunity defense in Rule 50(a) motions after the end of the plaintiff's case before the matter is submitted to the jury, and renew the defense in Rule 50(b) post-trial motions. *See, e.g., Johnson v. Breeden*, 280 F.3d 1308, 1317-18 (11th Cir. 2002) ("Defendants who are not successful with their qualified immunity defense before trial can re-assert it at the end of the plaintiff's case in a Rule 50(a) motion. That type of motion will sometimes be denied because

the same evidence that led to the denial of the summary judgment motion usually will be included in the evidence presented during the plaintiff's case, although sometimes evidence that is considered at the summary judgment stage may turn out not to be admissible at trial. Where there is no change in the evidence, the same evidentiary dispute that got the plaintiff past a summary judgment motion asserting the qualified immunity defense will usually get that plaintiff past a Rule 50(a) motion asserting the defense, although the district court is free to change its mind.").

Because Plaintiff has failed to show that Defendants' qualified immunity defense is clearly insufficient as a matter of law under any set of facts, the Court DENIES Plaintiff's motion to strike this affirmative defense from the pleadings. *See McArdle,* 657 F. Supp. 2d at 1149-50. As a practical matter, the triable issues of fact presented in this case prevent Defendants from enjoying the protection of qualified immunity against the burdens of discovery, pre-trial procedures, and trial. *See Pearson*, 129 S. Ct. at 815, 819.

## CONCLUSION

Plaintiff's motion to strike the first affirmative defense from the Second Amended Answer is DENIED.

IT IS SO ORDERED.

Dated:  December 8, 2010

NANDOR J. VADAS
United States Magistrate Judge

9