UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL IZELL SEALS, | No. CV 04-3764 NJV |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION TESTIMONY |
| v. | |
| OFFICER RODNEY K. MITCHELL, ET AL., | (Doc. No. 146) |
| Defendants. | |

Plaintiff Michael Izell Seals brought a 42 U.S.C. § 1983 action against Defendants John Rynhart and Lyle Thomas alleging use of excessive force during Plaintiff's arrest on February 5, 2003. Plaintiff moves to compel deposition testimony by Defendants on the following subjects: (1) Defendants' employment history; (2) their prior use of force, if any; (3) evaluation of their performance in training programs; and (4) prior citizen complaints filed against them, if any. Doc. No. 146. Defendants timely filed an opposition and Plaintiff timely filed a reply. Having considered the papers submitted, and for good cause shown, the Court GRANTS Plaintiff's motion to compel deposition testimony by Defendants on these subjects.

**DISCUSSION**

Plaintiff served requests for production of documents including "the complete employment, training, performance and personnel records of Deputy John Rynhart and of Deputy Lyle Thomas and diaries and other writings maintained in the course of their employment as peace officers," and "internal and external investigations, inquiry or commentary regarding the February 5, 2003 arrest of Plaintiff and all events relating to this arrest." *See* Doc. No. 137 ¶ 2. By stipulation dated October

8, 2010, and approved by the Court on October 12, 2010, Defendants agreed to produce the requested records to the Court for in camera review to identify the relevant records. Doc. Nos. 137 & 140. The Court entered the parties' stipulated protective order on October 12, 2010. Doc. No. 139. The stipulated protective order sets limits on the use and disclosure of "Confidential Material" and defines "Confidential Material" to include the following documents: employment, training, performance and personnel records of Deputies Rynhart and Thomas ordered by the Court, following in camera review, to be produced in this action; and internal and external investigations, inquiry or commentary regarding the February 5, 2003 arrest of Plaintiff and all events relating to this arrest ordered by the Court, following in camera review, to be produced in this action. Doc. No. 139 ¶ 1(a) and (b).

Plaintiff deposed Defendant Rynhart on October 26, 2010 in Napa, California, and deposed Defendant Thomas on October 29, 2010 in Boise, Idaho. At both depositions, after being instructed by defense counsel not to respond based on the Court's pending in camera review, Defendants refused to respond to questions regarding their personnel files, performance evaluation in training, prior employment-related complaints, and their involvement in other lawsuits. *See* Decl. of Meghna Subramanian In Support Of Plaintiff's Motion to Compel Deposition Testimony, Exs. 1 and 2 (Doc. No. 147); Defs.' Opp'n.

On November 5, 2010, Plaintiff filed the present motion to compel deposition testimony by Defendants regarding (1) Defendants' employment history; (2) their prior use of force, if any; (3) evaluation of their performance in training programs; and (4) prior citizen complaints filed against them, if any. Defendants argue that defense counsel's objections to deposition questions regarding information contained in Defendants' personnel records were justified based on this Court's in camera review of Defendants' documents, which was pending at the time of Defendants' October 26 and 29, 2010 depositions. Defendants do not present any substantive legal argument or cite to any legal authority supporting their opposition to the discovery of such information through deposition testimony, nor do Defendants respond to Plaintiff's legal argument or authority. Defendants also do not address the Court's recent Order Following In Camera Review. Doc. No. 151.

On November 29, 2010, the Court held that Defendants must produce the documents submitted for in camera review because the information contained therein was sufficiently relevant to Plaintiff's claim, including the citizen's complaint, documents related to the internal investigation surrounding the underlying incident, and Defendants' personnel and training records. Doc. No. 151. Therefore, Defendants' objections from their October 26 and 29, 2010 depositions and continued reliance on those October 2010 objections in their opposition to the motion to compel are now moot.

The Court has already determined that investigation regarding the underlying incident and Defendants' training and personnel records are relevant and that Plaintiff's need for these records outweighs the police department's interest in protecting official information and the individual officers' privacy interests. *Id.*; *see also Soto v. City of Concord*, 162 F.R.D. 603, 615 (N.D. Cal. 1995); *Green v. Baca*, 226 F.R.D. 624, 644 (C.D. Cal. 2005) ("In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents are relevant and discoverable."). The relevancy of this information is not limited to documents; it also applies to deposition testimony regarding these subjects. *See Randolph v. City of East Palo Alto*, 2007 U.S. Dist. LEXIS 89249, *8-9 (N.D. Cal. 2007) (in a §1983 case, ordering defendants to respond to deposition "questions regarding their employment history, their prior use of excessive force, and prior citizen complaints filed against them").

Therefore, Plaintiff's motion to compel deposition testimony is GRANTED. The Court orders Defendants Rynhart and Thomas to attend their supplemental depositions and respond to questions regarding the following four subjects: (1) their employment history; (2) their prior use of force, if any; (3) evaluation of their performance in training programs; and (4) prior citizen complaints filed against them, if any. The supplemental depositions shall be limited to these four subjects and will take place at Plaintiff's counsel's offices in San Francisco. Defendants shall bear the costs associated with taking these supplemental depositions. The deadline for non-expert discovery[1] is extended until January 15, 2011 for the limited purpose of taking the supplemental

---

[1] The October 29, 2010 deadline for non-expert discovery was extended by stipulation to December 8, 2010 for the limited purpose of completing discovery related to five witnesses identified in Defendants' Third Supplemental Disclosures: Officer Raymond Brady, Officer McDonald, Charlie Diener, Dave Perkins, and Joe Hughes. Doc. No. 145.

3

depositions of Defendants Rynhart and Thomas. The parties shall meet and confer as to dates before noticing the supplemental depositions.

To the extent that the parties contend that documents or testimony produced during discovery should be excluded at trial, the parties may submit, with their pretrial filings, in limine motions to exclude evidence.

## CONCLUSION

Plaintiff's motion to compel deposition testimony is GRANTED.

IT IS SO ORDERED.

Dated: December 17, 2010

NANDOR J. VADAS
United States Magistrate Judge

4