LATHAM & WATKINS LLP
  Alfred Pfeiffer (Bar No. 120965)
    al.pfeiffer@lw.com
  Ashley M. Bauer (Bar No. 231626)
    ashley.bauer@lw.com
  Rahul Kolhatkar (Bar No. 261781)
    rahul.kolhatkar@lw.com
  Christopher J. Carlberg (Bar No. 269242)
    christopher.carlberg@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone:  +1.415.391.0600
Facsimile:  +1.415.395.8095

Attorneys for Plaintiff
Michael Izell Seals

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL IZELL SEALS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER RODNEY K. MITCHELL, et al.,<br><br>　　　　Defendants. | CASE NO. C-04-3764 NJV<br><br>**PLAINTIFF MICHAEL IZELL SEALS'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO WEAR CIVILIAN CLOTHES AND TO APPEAR WITHOUT RESTRAINTS AT TRIAL**<br><br>Pre-Trial Conference Date: March 15, 2011<br>Time:　　2:30<br>Place:　　Eureka Courthouse - 205A, 2nd Floor<br><br>The Honorable Nandor J. Vadas<br>Trial Date: May 10, 2011 |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case Number: C-04-3764 NJV
PLAINTIFF'S NOTICE OF AND MOTION *IN LIMINE*
No. 5 RE: CLOTHING AND RESTRAINTS

**NOTICE OF MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Michael Izell Seals by and through his attorneys of record moves for an order allowing Mr. Seals, an inmate at Pelican Bay Prison, to appear at his May 10, 2011 jury trial in civilian clothes and in the absence of physical restraints. Good cause exists to grant the motion because Mr. Seals would be unfairly prejudiced if he appeared at his jury trial constrained and in his prison uniform.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying declaration of Ashley M. Bauer, all matters of which this Court may properly take judicial notice, any argument heard on this motion, the pleadings and papers filed herein, and all other matters properly before the Court.

Dated:  February 23, 2011                                    Respectfully submitted,

                                                             LATHAM & WATKINS LLP
                                                             Alfred Pfeiffer
                                                             Ashley M. Bauer
                                                             Rahul Kolhatkar
                                                             Christopher J. Carlberg

                                                             By:   /s/Ashley M. Bauer
                                                                    Ashley M. Bauer
                                                                    Attorneys for Plaintiff

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case Number: C-04-3764 NJV
PLAINTIFF'S NOTICE OF AND MOTION *IN LIMINE*
No. 5  RE: CLOTHING AND RESTRAINTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion *in limine* seeks an order allowing Plaintiff Michael Izell Seals, who is currently incarcerated at Pelican Bay State Prison, to appear at his May 10, 2011 jury trial in civilian clothes and in the absence of physical restraints. To the extent that Mr. Seals is required to be restrained during trial, Mr. Seals requests that every attempt will be made to prevent the jury from viewing him in shackles, leg irons, handcuffs, or similarly restrictive devices. If, for example, the courtroom is configured in such a way that his feet will be seen by the jury, Mr. Seals requests a scrim or other means of obstructing the jury's view of any required leg restraints. Mr. Seals requests that his hands not be cuffed or otherwise restrained while the jury is present and that he be allowed to write notes to his counsel during the proceedings. This motion is necessary because both Mr. Seals's prison uniform and the use of physical restraints will prejudice his case and prevent Mr. Seals from obtaining the fair trial to which he is entitled.

## II. DISCUSSION

### A. Requiring Mr. Seals to Appear Before the Jury in a Prison Uniform Will Be Unfairly Prejudicial.

This Court has discretion to allow Mr. Seals to appear at trial in clothing other than his state-issued prisoner uniform. *Estelle v. Williams*, 425 U.S. 501, 504-05 (1976) (finding that where an objection is made, the court may permit an inmate to attend trial in civilian clothing); *see also* 15 Cal. Code Reg. § 3030(e) (2010) ("Inmates transported for appearance in court shall wear clean state-issued clothing, *unless otherwise ordered by the court*.") (emphasis added).

Even if the jury is permitted to know that Mr. Seals is currently incarcerated, an order permitting him to wear civilian clothing is nonetheless necessary.[1] It has long been recognized in criminal suits "that an accused should not be compelled to go to trial in prison or jail clothing because of the possible impairment of the presumption so basic to the adversary system." *Estelle*, 425 U.S. at 504. "This is a recognition that the constant reminder of the accused's

---

[1] Mr. Seals has also filed a motion *in limine* to preclude any reference to the fact that he is currently incarcerated.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case Number: C-04-3764 NJV
PLAINTIFF'S NOTICE OF AND MOTION *IN LIMINE*
No. 5 RE: CLOTHING AND RESTRAINTS

1  condition implicit in such distinctive, identifiable attire may affect a juror's judgment. The
2  defendant's clothing is so likely to be a continuing influence throughout the trial that . . . an
3  unacceptable risk is presented of impermissible factors coming into play." *Id.* at 504-05; *see*
4  *also Duckett v. Godinez*, 67 F.3d 734, 747 (9th Cir. 1995) ("It is clear that a court cannot,
5  without violating the Due Process Clause, compel an accused to wear identifiable prison clothes
6  during his trial."). In line with this reasoning, federal courts in California have ordered
7  custodians of prisoners who are plaintiffs in civil lawsuits to permit the prisoners to wear civilian
8  clothing at trial. *See, e.g.*, *Meeks v. Parson,* Case No. 1:03-CV-06700-LJO-GSA PC, Order
9  Permitting Plaintiff to Wear Civilian Clothes at Trial, Docket No. 145 (E.D. Cal. filed Jan. 7,
10 2010) (attached as Declaration of Ashley Bauer I.S.O. Pl.'s Motions *in Limine*, Ex. 11) ("While
11 the cases addressing the undue influence of a party wearing civilian clothes, as opposed to jail
12 clothing during trial, have addressed the issue where a defendant was being tried for criminal
13 offenses, parallels in the potential negative affect on a juror's judgment are easily drawn where
14 an inmate is pursuing claims for violations of his civil rights while incarcerated.").

15         Here, a prison uniform will unduly prejudice Mr. Seals without serving any compelling
16 purpose. It will distract the jury and taint their assessment of his claims and credibility.
17 Mr. Seals alleges that his Constitutional rights were violated by two Lake County deputies.
18 Defendants will likely dispute Mr. Seals's testimony, and the jury will need to weigh the
19 testimony of Defendants' witnesses against that of Mr. Seals. A prison uniform would impair
20 the jury's ability to fairly assess Mr. Seals's credibility. As such, in the interest of a fair trial,
21 Mr. Seals respectfully requests that the Court exercise its discretion and allow him to appear
22 before the jury in civilian clothes.

23

24         **B.     Mr. Seals Does Not Require Physical Restraints, which Are Inherently Prejudicial.**

25         Mr. Seals also moves for permission to appear at trial before the jury without physical
26 restraints, including shackles or handcuffs. "[S]hackling, like prison clothes, is an indication of
27 the need to separate a defendant from the community at large, creating an inherent danger that
28 the jury may form the impression that the defendant is dangerous or untrustworthy." *Rhoden v.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case Number: C-04-3764 NJV
PLAINTIFF'S NOTICE OF AND MOTION *IN LIMINE*
No. 5 RE: CLOTHING AND RESTRAINTS

1  *Rowland*, 172 F.3d 633, 636 (9th Cir. 1999).  Further, "[b]ecause visible shackling during trial is
2  so likely to cause a defendant prejudice, it is permitted only when justified by an essential state
3  interest specific to each trial." *Id.* (internal citations omitted).  The Constitution forbids the use
4  of visible shackles during the guilt and penalty phase in a criminal case unless the use is justified
5  by essential government interests.  *See Duckett*, 67 F.3d at 748.  Although the right to appear
6  before a jury free of shackles is not absolute, "[s]hackling is inherently prejudicial," and the
7  decision to present an individual to the jury in shackles should be considered carefully.  *Id.*  In
8  fact, "[b]ecause of the potential for prejudice . . . due process requires that shackles be used only
9  as a last resort." *Id.* (internal citations omitted).

10       In the context of civil suits, courts have also acknowledged that shackling may infringe
11  on a plaintiff's right to a fair trial and have required an individualized determination of the need
12  for restraints.  *See, e.g.*, *Tyars v. Finner*, 709 F.2d 1274, 1284-85 (9th Cir. 1983)
13  (unconstitutional to compel the subject of a civil commitment hearing to wear physical restraints
14  at trial); *Duckett*, 67 F.3d at 748 ("[C]ourts have held that when an individual's level of
15  dangerousness is a question the jury must decide in a civil proceeding, it is a violation of the
16  right to a fair trial to compel that individual to appear before the jury bound in physical
17  restraints."); *Lemons v. Skidmore*, 985 F.2d 354, 356-58 (7th Cir. 1993) (impermissible to
18  shackle plaintiff prisoner in a civil rights action alleging excessive force by corrections officers
19  noting, "[t]he shackles suggest to the jury in a civil case that the plaintiff is a violent person.").

20       There is no need to restrain Mr. Seals.  Mr. Seals is fifty years old and of slight build at
21  5'11" and 170 pounds.  Moreover, he is the only inmate who will be present at trial.
22  Accordingly, the courtroom security officers would be able to properly address any hypothetical
23  threat that Mr. Seals might pose.  Shackles are painful (particularly when worn all day during
24  trial), unnecessary, a distraction for the jury, an inhibition on Mr. Seals's ability to communicate
25  with counsel, and inherently prejudicial.

26       Mr. Seals therefore respectfully requests that the Court allow him to appear before the
27  jury without any visible physical restraints, including handcuffs, manacles, shackles, and all
28  similar devices.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case Number: C-04-3764 NJV
PLAINTIFF'S NOTICE OF AND MOTION *IN LIMINE*
No. 5 RE: CLOTHING AND RESTRAINTS

### III. CONCLUSION

For these reasons, Mr. Seals respectfully requests that this Court grant this Motion and issue an order allowing Mr. Seals to appear in civilian clothes and without physical restraints at his civil jury trial, beginning May 10, 2011. A proposed order will be filed concurrently with this motion.

Dated: February 23, 2011

Respectfully submitted,

LATHAM & WATKINS LLP
Alfred Pfeiffer
Ashley M. Bauer
Rahul Kolhatkar
Christopher J. Carlberg

By:  /s/Ashley M. Bauer
         Ashley M. Bauer
         Attorneys for Plaintiff

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case Number: C-04-3764 NJV
PLAINTIFF'S NOTICE OF AND MOTION IN LIMINE
No. 5  RE: CLOTHING AND RESTRAINTS