United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL IZELL SEALS, | No. CV 04-3764 NJV |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL PRETRIAL FILINGS** |
| v. | |
| OFFICER RODNEY K. MITCHELL, ET AL., | (Doc. Nos. 200, 202, 211 & 215) |
| Defendants. | |

Plaintiff Michael Izell Seals brought a 42 U.S.C. § 1983 action against Defendants John Rynhart and Lyle Thomas alleging use of excessive force during Plaintiff's arrest on February 5, 2003. On October 8, 2010, the Court entered a stipulated protective order. Doc. No. 139. The final pretrial conference was held on March 25, 2011 and trial is set for May 10, 2011. The parties have filed motions to seal portions of their pretrial filings pursuant to the protective order and have stipulated in part to the sealing. Doc. Nos. 200-202, 211, 215. Having carefully considered the papers submitted, and for good cause shown, the Court **GRANTS** Plaintiff's motions to seal and **GRANTS in part and DENIES in part** Defendants' motions to seal portions of their pretrial filings.

**DISCUSSION**

**A.    Legal Standard**

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which "provid[es] that a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City and County of Honolulu*, 447

F.3d 1172, 1180 (9th Cir. 2006)). As the Ninth Circuit explained, "[t]he relevant standard for purposes of Rule 26(c) is whether ''good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" *Id*. (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The good cause standard also applies to sealed documents attached to nondispositive motions. *Id*. at 678-79 (explaining that documents attached to a summary judgment motion are not governed by the good cause standard because summary judgment motions are dispositive).

A motion to seal documents that are part of the judicial record, on the other hand, is governed by the higher "compelling reasons" standard. *Pintos*, 605 F.3d at 678. The "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.'" *Id*. (quoting *Kamakana*, 447 F.3d at 1178-79). The trial court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id*. at 679 n.6 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Id.* at 679. Here, the good cause standard applies to the parties' request to seal documents produced during discovery previously designated as confidential under the parties' stipulated protective order; documents attached to the parties' motions in limine, which are nondispositive motions; and portions of the motions in limine themselves. *See id*. at 678-79.

**B.    Plaintiff's Motions to Seal**

Plaintiff moves to seal the following items:  1) Plaintiff's motion in limine ("MIL") No. 2 to Exclude Evidence of Plaintiff's Mental Health; 2) Exhibits 1, 6, 7, and 9 to the declaration of Ashley M. Bauer in support of Plaintiff's motions in limine; 3) portions of Plaintiff's opposition to Defendants' MIL No. 3 Precluding Defendants' Character Evidence; and 4) pages 248 through 257 of the transcript of Defendant Thomas' deposition in Exhibit B to the Bauer declaration in support of Plaintiff's opposition to Defendants' MIL No. 3. Doc. Nos. 200, 201, 211, 220.

2

### 1. Plaintiff's MIL No. 2

Plaintiff moves to seal his MIL No. 2 to exclude evidence of Plaintiff's mental health. Doc. Nos. 200 & 201. The motion in limine discusses Plaintiff's mental health and his communications with mental health providers. The Court first notes that communications between Plaintiff and his mental health providers are privileged under the psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 11 (1996); *Oleszko v. State Compensation Ins. Fund*, 243 F.3d 1154, 1157-58 (9th Cir. 2001). Good cause exists to seal MIL No. 2 to protect Plaintiff from embarrassment. *See Pintos*, 605 F.3d at 678. In addition, balancing the need for the public's access to information regarding Plaintiff's mental health against Plaintiff's need for confidentiality weighs strongly in favor of sealing. *See id*. The Court grants Plaintiff's motion to seal his MIL No. 2.

### 2. Exhibits Supporting Plaintiff's Motions In Limine

Plaintiff moves to seal Exhibits 1, 6, 7, and 9 to the declaration of Ashley M. Bauer in support of Plaintiff's motions in limine. Doc. Nos. 200 & 201. Exhibit 1 consists of Plaintiff's Live Scan Criminal History Report dated February 5, 2003. Exhibit 6 consists of a copy of Plaintiff's letter to Judge Arthur Mann of the Lake County Superior Court, which was received on April 15, 2004. Exhibit 7 consists of a copy of the California Forensic Medial Group Progress Notes recorded by Vonda Lennon dated April 8, 2003. Exhibit 9 consists of a copy of the expert report of Defendants' expert, Dr. Peter N. Sfakianos, dated November 24, 2010 and which evaluates Plaintiff's medical file and condition. Good cause exists to seal these exhibits to protect Plaintiff from embarrassment and because balancing the need for the public's access to information regarding Plaintiff's criminal history, mental health history, and medical treatment and condition against Plaintiff's need for confidentiality weighs strongly in favor of sealing. *See Pintos*, 605 F.3d at 678. The Court grants Plaintiff's motion to seal its Exhibits 1, 6, 7, and 9 to the Bauer declaration.

### 3. Plaintiff's Opposition to Defendants' MIL No. 3

Plaintiff requests that portions of his opposition to Defendants' MIL No. 3 Precluding Defendants' Character Evidence be sealed and the parties have stipulated to this sealing. Doc. No. 211. Plaintiff has filed a proposed, carefully redacted version of his opposition. Doc. No. 220. The portions requested for sealing describe character evidence of Defendants including specific instances

3

of conduct. Good cause exists to seal these portions of Plaintiff's opposition to Defendants' MIL No. 3 because this information has been designated as confidential under the parties' stipulated protective order; sealing these portions will protect Defendants from embarrassment; and because balancing the need for the public's access to information regarding Defendants' character evidence against Defendants' need for confidentiality weighs strongly in favor of sealing. *See Pintos*, 605 F.3d at 678. The Court grants Plaintiff's motion to seal portions of his opposition to Defendants' MIL No. 3.

        4.        Exhibit B Supporting Plaintiff's Opposition to Defendants' MIL No. 3

Plaintiff moves to seal pages 248 through 257 of the transcript of Defendant Thomas' deposition in Exhibit B to the Bauer declaration in support of Plaintiff's opposition to Defendants' MIL No. 3, and the parties have stipulated to this sealing. Doc. No. 211. This excerpt from Defendant Thomas' deposition includes testimony regarding instances of Defendant Thomas' conduct contained within his personnel records. Good cause exists to seal this excerpt from Defendant Thomas' deposition testimony because the subject matter of this testimony has been designated confidential under the parties' stipulated protective order; sealing these portions will protect Defendant Thomas from embarrassment; and because balancing the need for the public's access to information regarding Defendant Thomas' character evidence against his need for confidentiality weighs strongly in favor of sealing. *See Pintos*, 605 F.3d at 678. The Court grants Plaintiff's motion to seal Exhibit B to the Bauer declaration.

**C.  Defendants' Motions to Seal**

Defendants move to seal 1) exhibits E and F to the declaration of Mark A. Jones in support of Defendants' MIL No. 3 Precluding Defendants' Character Evidence; 2) Defendants' opposition to Plaintiff's motions in limine numbers 1 through 5; 3) the supplemental declaration of Mark A. Jones in support of Defendants' opposition to Plaintiff's MIL Nos. 1-5 and Exhibits G through M attached to this supplemental Jones declaration. Doc. Nos. 202 & 215.

        1.        Exhibits E and F:  Defendants' Deposition Testimony

Defendants request that excerpts from their January 11, 2011 deposition transcripts be sealed, specifically a) from Defendant Rynhart's deposition: pages 191, 201-214, 224-226, 228, 230-234,

4

236-237, and 243-246 (Exhibit E); and b) from Defendant Thomas' deposition: pages 196 and 202-214 (Exhibit F).  Testimony regarding Defendants' employment records, personnel records, and specific instances of past conduct contained within these records has been designated confidential pursuant to the parties' stipulated protective order.  Good cause exists to seal portions of Defendants' deposition testimony because this information has been designated confidential under the parties' stipulated  protective order; sealing these portions will protect Defendants from embarrassment; and because balancing the need for the public's access to information regarding Defendants' employment records, personnel records, and specific instances of past conduct against Defendants' need for confidentiality weighs strongly in favor of sealing.  *See Pintos*, 605 F.3d at 678.  The Court grants Defendants' motion to seal Exhibits E and F to the Jones declaration in support of Defendants' MIL No. 3.

Defendants' motion to seal and the parties' stipulation to seal these exhibits, however, should not have been filed under seal.  Doc. Nos. 202 & 202-2.  Neither document contains any material that warrants sealing.  These documents will be unsealed and filed in the public record.[1]

2.      Defendants' Oppositions to Plaintiff's MIL Nos. 1-5

Defendants move to seal their *entire* opposition to Plaintiff's motions in limine numbers 1 through 5[2] and the parties have stipulated to this sealing.  Doc. Nos. 215 & 215-1.  Given that Plaintiff's motions in limine numbers 1, 3, 4, and 5 were not filed under seal, the entirety of Defendants' opposition to these motions in limine should not be sealed despite the parties' stipulation to do so.  For example, there is no good cause to seal those portions of Defendants' opposition to Plaintiff's MIL Nos. 1, 3, 4, and 5 that address the factual and procedural background of this action, legal standards, and legal argument.

---

[1] The Court refers the parties to the Northern District's General Order 62, available on the court's website (www.cand.uscourts.gov/generalorders), and to a step by step guide to e-filing documents under seal, available on the district court's ECF site (on www.ecf.cand.uscourts.gov, select FAQs → How do I...? → E-file Under Seal).

[2] Defendants consolidated their opposition to Plaintiff's motions in limine numbers 1 through 5 into one filing.  Plaintiff's MIL Nos. 1 through 5 are as follows:  1) Exclude Evidence of Plaintiff's Criminal History; 2) Exclude Evidence of Plaintiff's Mental Health; 3) Exclude Reference to Other Lawsuits or Grievances; 4) Prohibit Reference to Plaintiffs' Disciplinary Record and Status as a Prisoner; and 5) Wear Civilian Clothes and to Appear Without Restraints at Trial.  Doc. Nos. 189-192.

Only portions of Defendants' opposition to Plaintiff's MIL Nos. 1, 3, 4, and 5 contain material designated confidential pursuant to the parties' stipulated protective order. For example, there is good cause to seal those portions of Defendants' opposition to Plaintiff's MIL Nos. 1, 3, 4, and 5 referring to instances of Plaintiff's jail or prison grievances, disciplinary incidents, and mental health condition and history.

Plaintiff's MIL No. 2 to exclude evidence of Plaintiff's mental health has been filed under seal and Defendants' opposition to this motion is also properly sealed for the reasons described in Section B.1 above.

After meeting and conferring with Plaintiff, Defendants are instructed to lodge with chambers, not file, a proposed redacted version of their opposition to Plaintiff's MIL Nos. 1, 3, 4, and 5.[3]

3.   <u>Supplemental Jones Declaration & Exhibits G through M</u>

Defendants move to seal the supplemental Jones declaration in support of Defendants' opposition to Plaintiff's MIL Nos. 1 through 5 and Exhibits G through M attached to this declaration. These exhibits fall into three categories: a) Plaintiff's prison disciplinary records; b) Plaintiff's medical records and documents regarding his medical condition; and c) Plaintiff's deposition testimony.

   a.   *Plaintiff's Prison Disciplinary Records - Exhibits G, H & I*

Exhibit G consists of Plaintiff's disciplinary records from Lake County Jail. Exhibit H consists of Plaintiff's four counts of misdemeanor indecent exposure charges while incarcerated from 2006 and 2007. Exhibit I consists of Plaintiff's indecent exposure charge while incarcerated in 2008. Good cause exists to seal Exhibits G, H, and I to protect Plaintiff from embarrassment and because balancing the need for the public's access to information regarding Plaintiff's disciplinary records while incarcerated against Plaintiff's need for confidentiality weighs strongly in favor of

---

[3] The Court notes that Plaintiff may be better equipped to identify the portions to redact within Defendants' opposition to Plaintiff's MIL Nos. 1, 3, 4, and 5.
Because Defendants originally consolidated their opposition to Plaintiff's MIL Nos. 1 through 5 into one filing, Defendants should redact out the portion of the consolidated filing that includes their opposition to Plaintiff's MIL No. 2 (i.e., Section II of Defendants' opposition), which the Court has sealed.

6

sealing. *See Pintos*, 605 F.3d at 678. These records have also been designated confidential pursuant to the parties' stipulated protective order.

### *b.     Plaintiff's Medical Records and Documents - Exhibits J, L & M*

Exhibit J consists of a copy of Plaintiff's letter to Judge Arthur Mann of the Lake County Superior Court, which will be sealed as addressed in Section B.2 above. Exhibit L consists of excerpts of the deposition testimony of Defendants' medical expert, Dr. Sfakianos, specifically pages 29:18-30:14 and 60:21-62:23. Exhibit M consists of Plaintiff's sick call requests, which are requests for medical treatment in prison, including requests related to Plaintiff's mental health.

Good cause does not exist to seal the deposition testimony of Defendants' medical expert excerpted at pages 29:18-30:14 in Exhibit L regarding his general evaluation of prison medical records because this general testimony does not reveal any of Plaintiff's confidential information or discuss Plaintiff's medical or mental condition. Defendants are instructed to file a redacted version of Exhibit L into the public record.

Good cause exists to seal Exhibits J, M, and pages 60:21-62:23 of Exhibit L to protect Plaintiff from embarrassment and because balancing the need for the public's access to information regarding Plaintiff's mental health history, medical treatment, and medical condition against Plaintiff's need for confidentiality weighs strongly in favor of sealing. *See Pintos*, 605 F.3d at 678.

### *c.     Plaintiff's Deposition Testimony - Exhibit K*

Exhibit K consists of excerpts of Plaintiff's deposition testimony taken on January 21, 2010, specifically pages 3, 30-33, 39-42, 55-57, 133-134, 157-159, 175, and 179-180. Good cause exists to seal Plaintiff's deposition testimony regarding his prison grievances, discipline, medical treatment, medical condition, and prior settlement discussions. Plaintiff's prison grievance and disciplinary records have been designated confidential pursuant to the parties' stipulated protective order. In addition, the content of settlement discussions is confidential. *See* Fed. R. Evid. 408. Balancing the need for the public's access to information regarding Plaintiff's prison grievances, discipline, medical treatment, medical condition, and prior settlement discussions against Plaintiff's need for confidentiality weighs strongly in favor of sealing. *See Pintos*, 605 F.3d at 678.

1  The Court grants Defendants' motion to seal the supplemental Jones declaration and Exhibits
2  G, H, I, J, K, and M to the supplemental Jones declaration.  The Court grants in part and denies in
3  part Defendants' motion to seal Exhibit L and Defendants are instructed to file a redacted version of
4  Exhibit L into the public record as described above.

**CONCLUSION**

6  The Court **GRANTS in part and DENIES in part** the parties' motions to seal portions of
7  their pretrial filings as follows:

- The Court **GRANTS** Plaintiff's motions to seal his MIL No. 2; Exhibits 1, 6, 7, and 9 to the Bauer declaration in support of Plaintiff's motions in limine; Plaintiff's opposition to Defendants' MIL No. 3; and Exhibit B to the Bauer declaration in support of Plaintiff's opposition to Defendants' MIL No. 3.

- The Court **GRANTS** Defendants' motion to seal Exhibits E and F to the Jones declaration in support of Defendants' MIL No. 3; Defendants' opposition to Plaintiff's MIL No. 2; and Exhibits G, H, I, J, K, and M to the supplemental Jones declaration.  Defendants' motion to seal Exhibits E and F and the parties' stipulation to seal these exhibits will be unsealed and filed in the public record.  Doc. Nos. 202 & 202-2.

- The Court **GRANTS in part and DENIES in part** Defendants' motions to seal their opposition to Plaintiff's MIL Nos. 1, 3, 4, and 5; and Exhibit L to the supplemental Jones declaration.

As detailed above, by April 6, 2011, Defendants are instructed to 1) lodge a proposed redacted version of their opposition to Plaintiff's MIL Nos. 1, 3, 4, and 5; and 2) file a redacted version of Exhibit L.  The Clerk is instructed to add the parties' sealed documents to the record.

**IT IS SO ORDERED.**

Dated: March 30, 2011

NANDOR J. VADAS
United States Magistrate Judge

8