**United States District Court**
For the Northern District of California

1

2

3                                    **NOT FOR CITATION**

4

5                         UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7                                 EUREKA DIVISION

8

9    MICHAEL IZELL SEALS,                        No. CV 04-3764 NJV

10              Plaintiff,                        **ORDER ON MOTIONS IN LIMINE**

11        v.                                      (Doc. Nos.179-181, 189-194)

12   OFFICER RODNEY K. MITCHELL, ET AL.,

13              Defendants.
     _____/

14

15        In this action based on 42 U.S.C. § 1983, Plaintiff  Michael Izell Seals alleges that

16   Defendants John Rynhart and Lyle Thomas used excessive force during Plaintiff's arrest on

17   February 5, 2003.  Trial is set for May 10, 2011.  Plaintiff and Defendants move in limine to exclude

18   certain evidence from being introduced at trial.  Doc. Nos. 179-181, 189-194.  The Court held a

19   hearing on the motions in limine on March 25, 2011.  Having carefully considered the arguments of

20   the parties and the papers submitted, and for good cause shown, the Court **GRANTS** Plaintiff's

21   Motion In Limine ("MIL") Nos. 2, 3, and 4; **GRANTS in part and DENIES in part** Plaintiff's

22   MIL Nos. 1, 5, and 6, and Defendants' MIL Nos. 2 and 3; and **DENIES** Defendants' MIL No. 1.

23   The Court reserves its decision on Plaintiff's MIL No. 7 pending an inquiry under *Daubert v.*

24   *Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), to evaluate the proposed testimony of Defendants'

25   medical expert, Dr. Peter Sfakianos.

26                                    **I.  BACKGROUND**

27        On February 5, 2003, Deputy John Rynhart and Deputy Lyle Thomas arrested Plaintiff on

28   charges of violation of California Health & Safety Code sections 11350(a) (possession of cocaine)

1   and 11352(a) (transportation of cocaine base), violation of California Penal Code section 3056

2   (violation of California Department of Corrections parole status), and violation of California

3   Vehicle Code section 12500(c) (driving without a license).  The parties' descriptions of the incident

4   giving rise to Plaintiff's claim are detailed in the Court's September 28, 2007 Order Granting

5   Defendants' Motion for Summary Judgment (Doc No. 71) (Judge Saundra Brown Armstrong), *rev'd*

6   *by Seals v. Mitchell*, No. 07-16951, slip op. (9th Cir. May 26, 2009) (Doc. No. 90).  Plaintiff alleges

7   that, in the course of the arrest, the deputies used excessive force in violation of his Fourth

8   Amendment rights.  In 2005, Plaintiff was convicted of possession and transportation of cocaine

9   base in violation of California Health & Safety Code sections 11350 and 11352(a), to which he has

10  stipulated.  Doc. No. 172; *see* Doc. No. 189.

11          On September 8, 2004, Plaintiff, appearing *pro se*, filed this civil rights action seeking

12  damages under 42 U.S.C. § 1983.  In the complaint, Plaintiff named twenty-two Defendants and

13  asserted eight claims alleging Fourth Amendment, equal protection, and due process violations.  In

14  an Order dated May 23, 2007, the Court found that Plaintiff stated a cognizable Fourth Amendment

15  claim against two Lake County Sheriff's Officers, Defendants Rynhart and Thomas, for alleged use

16  of excessive force during Plaintiff's arrest on February 5, 2003.  Doc. No. 55.  The Court dismissed

17  all other claims against the remaining Defendants for failure to state a claim upon which relief may

18  be granted.  *Id.*  Plaintiff's claims for injunctive relief were dismissed as moot.

19          Defendants Rynhart and Thomas filed a motion for summary judgment on the grounds that

20  Defendants were entitled to qualified immunity and that no triable issue of material fact existed

21  because the force used was objectively reasonable under the circumstances.  Doc. No. 61.  Plaintiff

22  filed a cross-motion for summary judgment.  Doc. No. 68.  On September 28, 2007, the Court denied

23  Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment on

24  the grounds of qualified immunity and the absence of a genuine issue of fact as to the reasonableness

25  of force.  Doc. No. 71.

26          Plaintiff appealed the Court's entry of summary judgment for Defendants.  The Ninth Circuit

27  reversed this Court's grant of summary judgment and remanded.  Doc. No. 90.  Following remand,

28  the action was reassigned to the undersigned judge upon the parties' consent to proceed before a

**United States District Court**

For the Northern District of California

1  United States Magistrate Judge.  Pro bono counsel for Plaintiff was appointed on April 20, 2010.

2  Doc. No. 117.  Pursuant to stipulation, Plaintiff filed a Second Amended Complaint on June 29,

3  2010.  Doc. No. 124.  Defendants filed an answer to the Second Amended Complaint on June 29,

4  2010, an amended answer on July 30, 2010, and, pursuant to stipulation, a Second Amended Answer

5  on August 31, 2010.  Doc. Nos. 126, 131, and 134.

6       The final pretrial conference was held on March 25, 2011, at which time counsel argued

7  their motions in limine and the motions were taken under submission.  Trial is set for May 10, 2011.

8  **II.  DISCUSSION**

9  **A.**     **Plaintiff's Motions In Limine**

10      Plaintiff has filed seven motions in limine, which are numbered as follows, to:  1) Exclude

11  Evidence of Plaintiff's Criminal History; 2) Exclude Evidence of Plaintiff's Mental Health;[1]

12  3) Exclude Reference to Other Lawsuits or Grievances; 4) Prohibit Reference to Plaintiff's

13  Disciplinary Record and Status as a Prisoner; 5) Wear Civilian Clothes and to Appear Without

14  Restraints at Trial; 6) Exclude Testimony of Jared Zwickey or, In the Alternative, for a *Daubert*

15  Hearing; and 7) Limit Testimony of Dr. Peter Sfakianos or, In the Alternative, for a *Daubert*

16  Hearing.  Defendants oppose all of Plaintiff's motions in limine.[2]  Doc. Nos. 216, 237.

17      1.     MIL No. 1 - Exclude Evidence of Plaintiff's Criminal History

18      Plaintiff moves to exclude evidence of his prior criminal history consisting of three felony

19  convictions and four misdemeanor convictions.  Plaintiff's past felony convictions consist of:

20  1) false imprisonment in 1989; 2) grand theft in 1992; and 3) attempted murder and assault in 1995.

21  Plaintiff's past misdemeanor convictions consist of two counts of sexual battery in 2001 and two

22  counts of indecent exposure in 2007.  Plaintiff was released from prison on his attempted murder

23  and assault convictions on April 10, 2001.  He is currently incarcerated for his conviction for

24  possession and transportation of cocaine in violation of California Health & Safety Code sections

25  11350 and 11352(a) for which he was arrested on February 5, 2003.

26  _____

27      [1]  Plaintiff's MIL No. 2 has been filed under seal.

28      [2]  Defendants' opposition to Plaintiff's MIL Nos. 1-5 was originally filed under seal.  The
redacted version of Defendants' opposition is available at docket number 237.

**United States District Court**
For the Northern District of California

1       Defendants argue that the 1995 attempted murder and assault conviction is admissible

2 because it is relevant to whether Defendants were aware of Plaintiff's parole status at the time of the

3 February 5, 2003 arrest. Defendants also argue that the possession and transportation of cocaine

4 conviction arising out of the February 5, 2003 arrest is admissible for impeachment purposes

5 because they anticipate Plaintiff will testify that he was not in possession of cocaine. In light of the

6 parties' stipulations, Defendants' arguments fail. Plaintiff stipulates to the fact that he was on parole

7 at the time of the underlying February 5, 2003 arrest. The parties have also stipulated to Plaintiff's

8 conviction for possession and transportation of cocaine base in 2005, which arose out of the

9 February 5, 2003 arrest.

10       In addition, evidence of Plaintiff's prior convictions is not admissible because the prior

11 convictions are not relevant to the present civil action, which is based on Plaintiff's civil rights claim

12 for excessive force. *See* Fed. R. Evid. 402. Furthermore, the probative value of Plaintiff's prior

13 convictions is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

14       Plaintiff's prior felony convictions may be admissible, however, for the limited purpose of

15 impeachment. Under Federal Rule of Evidence 609(a), evidence of a witness' conviction for crimes

16 punishable by death or by imprisonment for over one year shall be admitted for impeachment

17 purposes if the court determines that the probative value outweighs its prejudicial effects. Evidence

18 of such a conviction, however, is generally not admissible for impeachment purposes if more than

19 ten years has elapsed since the date of the conviction or the release of the witness from confinement,

20 whichever is later. Fed. R. Evid. 609(b). Here, Rule 609(b)'s ten year time limit does not apply to

21 the 2005 possession and transportation of cocaine conviction, but does apply to the 1989 false

22 imprisonment conviction, 1992 grand theft conviction, and the 1995 attempted murder and assault

23 conviction for which Plaintiff was released on April 10, 2001. Plaintiff is still serving his sentence

24 for the 2005 drug conviction.

25       The Court therefore **GRANTS in part and DENIES in part** Plaintiff's Motion In Limine

26 No. 1. Evidence of Plaintiff's 1989 false imprisonment conviction, 1992 grand theft conviction,

27 1995 attempted murder and assault conviction, and misdemeanor convictions is inadmissible, even

28 for impeachment purposes. Evidence of Plaintiff's 2005 possession and transportation of cocaine

United States District Court

For the Northern District of California

1    conviction is admissible for the limited purpose of impeachment.  In the event that this evidence is

2    admitted for impeachment purposes, Defendants are limited to only asking whether Plaintiff was

3    convicted of possession and transportation of cocaine base arising out of the February 5, 2003 arrest.

4     No further questioning on this subject will be permitted.  All documents regarding Plaintiff's

5    convictions are inadmissible, including Defendants' Exhibits 1 and 2, the abstracts of judgment for

6    Plaintiff's convictions in 2005 for possession and transportation of cocaine and in 1995

7    for attempted murder and assault.  *See* Doc. No. 175, Defs.' Exhibit List.

8         2.     MIL No. 2 - Exclude Evidence of Plaintiff's Mental Health

9         Plaintiff moves to exclude evidence of Plaintiff's mental health, including a letter Plaintiff

10   wrote to Judge Arthur Mann of the Lake County Superior Court and documents created by

11   Plaintiff's healthcare providers discussing his mental health, and has filed this motion under seal.

12   Defendants oppose the motion and have also filed their opposition under seal.

13        Communications between Plaintiff and his mental health providers are privileged under the

14   psychotherapist-patient privilege.  *See Jaffee v. Redmond*, 518 U.S. 1, 11-13 (1996); *Oleszko v. State*

15   *Comp. Ins. Fund*, 243 F.3d 1154, 1157-58 (9th Cir. 2001).  The privilege may be waived, however,

16   if the patient files a lawsuit that places the privileged communications in issue by alleging more than

17   "garden variety" emotional distress.  *See Schwenk v. County of Alameda*, 2011 WL 607101, *1

18   (N.D. Cal. 2011) (slip copy); *Fitzgerald v. Cassil*, 216 F.R.D. 632, 639-40 (N.D. Cal. 2003).  Here,

19   in the operative complaint, Plaintiff has not pled a cause of action for intentional or negligent

20   infliction of emotional distress and has only alleged general "emotional injuries."  *See* Second Am.

21   Compl., ¶ 17 (Doc. No. 124).  Plaintiff has not, therefore, placed his communications with his

22   mental health professionals at issue.

23        Defendants argue that Plaintiff has voluntarily waived the psychotherapist-patient privilege

24   by disclosing his mental health status and history in his April 2004 letter to Judge Mann.  Even if

25   Plaintiff voluntarily waived the psychotherapist-patient privilege, which the Court does not reach,

26   the Court concludes that this letter should be excluded.  The probative value of Plaintiff's mental

27   health history and letter to Judge Mann is substantially outweighed by the danger of unfair

28   prejudice.  *See* Fed. R. Evid. 403; *Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir. 1986).  In

*Rascon v. Hardiman*, the Seventh Circuit affirmed the trial court's exclusion of the plaintiff inmate's

mental health history in a § 1983 excessive force trial against correctional officers. *See* 803 F.2d at

278. The defendant correctional officers sought to introduce the evidence to demonstrate the

defendants' awareness of the plaintiff inmate's mental health background at the time of the incident

and the defendants' justification in subduing the plaintiff inmate during the incident. The trial court

reasoned that classifying the plaintiff inmate "as a 'mental case' would suggest that it would be

reasonable to subdue him based on a supposed status rather than his conduct at the time." *Id*. Here,

Defendants do not claim to have been aware of Plaintiff's alleged mental health background or

status at the time of the underlying arrest. Therefore, even more so than *Rascon*, classifying Plaintiff

as a "mental case" or with psychological problems suggests that it would be reasonable for

Defendants to subdue Plaintiff based on this mental status rather than Plaintiff's conduct at the time

of the February 5, 2003 arrest. Admitting this evidence creates

> the danger that a jury will conclude that a mentally deficient plaintiff, regardless of
> his actual behavior, somehow "asked for" mistreatment at the hands of two
> policemen is greater than the value of such evidence to explain the police officers'
> use of force. That general proposition seems especially correct where-as here-the
> police officers had no specific knowledge of [the plaintiff]'s condition before they
> tried to take him away. The trial judge found, and we agree, that the forbidden
> evidence would have shifted the focus from [the plaintiff]'s actions to his condition.
> Only his actions can justify the [officers'] use of force. Evidence as to the general
> propensity of people suffering his [mental] ailments to make similar attacks would
> have been of more prejudicial than probative value to the defendants.

*Wallace v. Mulholland*, 957 F.2d 333, 336 (7th Cir. 1992) (affirming jury verdict and judgment for

the plaintiff, who had a history of mental illness, in a § 1983 action for excessive force used by law

enforcement officers enforcing a petition for the involuntary commitment of the plaintiff).

　　　In addition, Plaintiff's letter to Judge Mann, which was received on April 15, 2004, over one

year after his February 2003 arrest, is not relevant to whether Defendants used excessive force

during the February 2003 arrest. Plaintiff's letter has little probative value if any to the current §

1983 action; it primarily addresses his complaints regarding the adequacy of his attorney's

representation before Judge Mann in criminal proceedings following the February 2003 arrest. The

letter also lists several past mental health disorders or diagnoses. Defendants argue that Plaintiff's

psychological condition is relevant because it relates to Plaintiff's capacity to perceive, recall and/or

6

1    relate the events that occurred on February 5, 2003, but Defendants fail to explain how Plaintiff's

2    subjective perception was influenced by his alleged mental illness or whether Plaintiff's subjective

3    perception is even an element in a § 1983 action for excessive force during an arrest, which it is not.

4    Defendants' reliance on criminal cases addressing evidence of a criminal defendant's insanity or

5    mental condition at the time of the commission of the criminal offense is unavailing.  This is a

6    § 1983 civil rights action alleging excessive force during an arrest and the mental condition or

7    subjective perceptions of the plaintiff is not an element.  *See Graham v. Connor*, 490 U.S. 386, 395

8    (1989) (excessive force claims in the course of an arrest, investigatory stop, or seizure are analyzed

9    under the objective reasonableness standard of the Fourth Amendment).

10          Defendants also argue that Plaintiff has put his mental condition at issue by seeking to

11   introduce into evidence "sick call" requests Plaintiff submitted in prison for medication refills if

12   those sick call requests do not identify the physical or mental condition being treated.  *See* Pl.'s

13   Exhibit List, Exs. 44-77 (Doc. Nos. 196 & 233).  The Court's in camera review of samples of

14   Plaintiff's sick call requests reveals that these documents do identify the condition or injury for

15   which Plaintiff sought treatment.  *See also* Pl.'s  Exhibit List, Exs. 45 & 47; Supplemental

16   Declaration of Mark A. Jones in Support of Defendants' Opposition to Plaintiff's MIL Nos. 1-5, Ex.

17   M (under seal).  To the extent that these sick call requests do not identify the specific medication or

18   the condition for which Plaintiff sought the medication, admission of these requests may open the

19   door to Plaintiff's mental health status and history.

20          The Court therefore **GRANTS** Plaintiff's Motion In Limine No. 2 with limitations.  During

21   trial, if Plaintiff presents testimony or other evidence that opens the door to his mental health status

22   and history, Defendants may move at that time to introduce evidence of Plaintiff's mental health

23   status and history for impeachment and rebuttal purposes.  If Plaintiff opens the door to such

24   evidence, Defendants must ask for the Court's leave out of the jury's presence to introduce this

25   evidence.

26          3.      MIL No. 3 - Exclude Reference to Other Lawsuits or Grievances

27          Plaintiff moves to exclude reference to Plaintiff's other lawsuits or grievances.  During his

28   deposition, Plaintiff admitted to filing approximately 70-100 prison grievances as an inmate and

United States District Court

For the Northern District of California

approximately fourteen lawsuits against unrelated defendants. Defendants argue that this evidence

is relevant to establish Plaintiff's bias against law enforcement and his motive in bringing this

§ 1983 action to win release from custody.

While evidence of Plaintiff's other lawsuits and grievances has some relevance to whether

Plaintiff was biased against law enforcement, the probative value of this evidence is substantially

outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

> The charge of litigiousness is a serious one, likely to result in undue prejudice against
> the party charged, unless the previous claims made by the party are shown to have
> been fraudulent. ... "[a plaintiff's] litigiousness may have some slight probative value,
> but that value is outweighed by the substantial danger of jury bias against the chronic
> litigant. The trial court has a duty to prevent exploitation of this prejudice..."

*Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988) (quoting *Raysor v. Port Authority*, 768

F.2d 34, 40 (2d Cir. 1985), *cert. denied*, 475 U.S. 1027 (1986)) (internal citations omitted).

In addition, evidence of Plaintiff's litigiousness is inadmissible character evidence. *See* Fed.

R. Evid. 404; *Outley*, 837 F.2d at 592-93 ("Evidence that [the plaintiff] had filed several lawsuits

against the City, and in particular against police officers, would undoubtedly cause the jury to

question the validity of [the plaintiff's] current claims."); *see also Dupard v. Kringle*, 76 F.3d 385,

1996 WL 56098, *4-5 (9th Cir. 1996) (unpublished) ("Evidence regarding [the plaintiff's] general

aggressiveness and litigiousness is precisely the type of character evidence admitted to prove

propensity that is prohibited by Rule 404."); *Southern California Housing Rights Center v. Los Feliz*

*Towers Homeowners Ass'n*, 2005 WL 3954722, *1 (C.D. Cal. 2005) (not reported). Plaintiff's

litigation and grievance history does not pertain to Plaintiff's character for truthfulness to establish

the exception under Rule 404(a)(3). *See* Fed. R. Evid. 404(a)(3) & 608. Nor does this evidence

prove Plaintiff's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident" to establish the exception under Rule 404(b). Fed. R. Evid. 404(b).

Defendants' argument that this evidence is admissible to prove Plaintiff's motive for

bringing this § 1983 action under Rule 404(b) fails because "FRE 404(b) contemplates admission of

evidence to show *the motive for the underlying act committed, rather than a motive for bringing*

*suit.*" *Brooks v. Haggett*, 2010 WL 4226693, *12 (N.D. Cal. 2010) (slip copy) (emphasis added).

Defendants are permitted to question Plaintiff, should they choose, on Plaintiff's alleged belief that

United States District Court

For the Northern District of California

1  succeeding in this § 1983 action will result in his release from custody but they may not use

2  Plaintiff's prior litigation and grievance history to do so.

3       The Court therefore **GRANTS** Plaintiff's Motion In Limine No. 3 and references to

4  Plaintiff's other lawsuits or grievances will be excluded at trial.

5       4.    MIL No. 4 - Prohibit Reference to Plaintiff's Prison Disciplinary Record and Status

6  as        a Prisoner

7       Plaintiff moves to prohibit reference to Plaintiff's prison disciplinary record and status as a

8  prisoner.  Defendants argue that Plaintiff's prison disciplinary record is relevant to Plaintiff's bias

9  towards law enforcement.

10          *a.    Plaintiff's Prison Disciplinary Record*

11       The Court grants Plaintiff's motion because Plaintiff's prison disciplinary record is not

12  relevant, is prejudicial, constitutes inadmissible character evidence of other wrongs or acts, and is

13  inadmissible hearsay.  *See* Fed. R. Evid. 402, 403, 404(b), & 802.  First, evidence of Plaintiff's

14  prison disciplinary record is not admissible because it is not relevant to the present civil action, i.e.,

15  whether Defendants used excessive force on Plaintiff during his February 5, 2003 arrest.  *See* Fed.

16  R. Evid. 402.

17       Second, the probative value of Plaintiff's prison disciplinary record is substantially

18  outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury and

19  considerations of wasting the time of the Court, jury, and parties.  *See* Fed. R. Evid. 403.  Presenting

20  Plaintiff's incidents of prison discipline may prejudice the jury against Plaintiff and confuse,

21  distract, and mislead the jury from the main issues in this action.

22       Third, Plaintiff's prison disciplinary record constitutes inadmissible character evidence of

23  other wrongs or acts.  Fed. R. Evid. 404(b).

24       Defendants also argue that Plaintiff's claimed injury to his shoulders resulting from the

25  underlying February 5, 2003 arrest were actually caused by a later disciplinary incident in prison in

26  April 2003.  To the extent that this April 2003 incident is directly relevant to Plaintiff's physical

27  injuries resulting from the underlying arrest, such evidence is admissible for the limited purpose of

28  determining the extent of Plaintiff's injuries and for impeachment purposes.  Out of the presence of

United States District Court

For the Northern District of California

the jury and <u>before</u> introducing such evidence, Defendants must identify the specific disciplinary incident and how this incident is directly relevant to Plaintiff's claimed injuries.  At that time, the Court will then determine whether the disciplinary incident is admissible and if admissible, the Court will provide a limiting instruction to prevent any potential prejudice to Plaintiff (e.g., prohibiting reference to the April 2003 incident as a "disciplinary incident" or "cell extraction"). Though Defendants have not included in their exhibit list a report of the alleged April 2003 prison disciplinary incident or identified a witness to testify regarding this incident, the Court notes that such a report would likely constitute inadmissible hearsay and require calling a witness with personal knowledge to testify regarding the April 2003 disciplinary incident.  *See* Fed. R. Evid. 801-803.

The Court therefore **GRANTS** Plaintiff's motion regarding his prison disciplinary record with limitations regarding Plaintiff's injuries from the April 2003 incident and holds that Defendants are prohibited from presenting evidence or testimony of Plaintiff's prison disciplinary record.  In addition, during trial, if Plaintiff presents testimony or other evidence that opens the door to his prison disciplinary record, Defendants may move at that time to introduce evidence of Plaintiff's prison disciplinary record for impeachment and rebuttal purposes.  If Plaintiff opens the door to such evidence, Defendants must ask for the Court's leave out of the jury's presence to introduce this evidence.

### b.      Plaintiff's Status as a Prisoner

Plaintiff moves to prohibit reference to Plaintiff's status as a prisoner and to require that Defendants not refer to him as an "inmate" or "prisoner."  Defendants argue that Plaintiff's status as a prisoner is admissible because it is relevant to Plaintiff's allegations of lack of medical treatment for his claimed injuries and to Plaintiff's drug conviction stemming from the February 5, 2003 arrest.  Given the parties' stipulation to Plaintiff's drug conviction arising out of the underlying arrest, Defendants' argument on this point fails.

To prevent potential prejudice and in an abundance of caution, the Court **GRANTS** Plaintiff's motion with limitations and holds that Defendants must refer to Plaintiff by his name during trial.  To the extent that Plaintiff claims lack of medical treatment while incarcerated for his

**United States District Court**
For the Northern District of California

1    claimed injuries resulting from the underlying arrest, however, Plaintiff's status as an inmate cannot

2    be avoided.

3         The Court therefore **GRANTS** Plaintiff's MIL No. 4 with limitations.

4         5.    MIL No. 5 - Wear Civilian Clothes and to Appear Without Restraints at Trial

5         Plaintiff moves to wear civilian clothes and to appear without restraints during trial.

6    Defendants oppose the motion and request that Plaintiff's arms, waist, legs, and feet be shackled

7    during trial.  If Plaintiff's legs are restrained, Plaintiff requests the use of a scrim or fabric around

8    counsel's table in the courtroom to obstruct the jury's view of Plaintiff's leg restraints.

9         In determining whether shackling Plaintiff is appropriate during trial the court must consider

10   two factors.  First, the court must determine if compelling circumstances demonstrate that some

11   measure is needed to maintain the security and decorum of the courtroom.  *Morgan v. Bunnell,* 24

12   F.3d 49, 51 (9th Cir. 1994); *Wilson v. McCarthy*, 770 F.2d 1482, 1484 (9th Cir. 1985).  Compelling

13   circumstances may include prisoner status, propensity for violence, and history of unruly conduct.

14   *See Wilson*, 770 F.2d at 1485.  If the court finds compelling circumstances exist, then it must pursue

15   less restrictive alternatives by balancing prejudicial effects before imposing physical restraints.

16   *Morgan*, 24 F.3d at 51; *Wilson*, 770 F.2d at 1484.

17        Defendants argue that Plaintiff, who is a convicted state prisoner, should be shackled to

18   maintain the security of the Court.  Prisoner status, standing alone, may not warrant shackling, but it

19   may justify the court's concern for security.  *Wilson*, 770 F.2d at 1485.  The court has wide

20   discretion in determining whether a party with a propensity for violence poses a security risk and

21   warrants increased security.  *Morgan,* 24 F.3d at 51.  In the present case, Plaintiff has been

22   convicted of possession and transportation of cocaine base and is currently housed at Pelican Bay

23   State Prison in the Security Housing Unit ("SHU").  Plaintiff was previously convicted for attempted

24   murder and assault.  While incarcerated, Plaintiff has received disciplinary infractions involving

25   indecent exposure, threats, and assault.  Plaintiff's disciplinary record and maximum security

26   housing status are sufficient to conclude he poses a security risk.

27        In addition to security concerns, shackling may also be proper where disruption of the

28   courtroom is likely in the absence of shackles.  *See Wilson*, 770 F.2d at 1485.  In *Morgan*, one

United States District Court

For the Northern District of California

consideration the court used to uphold the shackling of a prisoner-party was his unruly and insubordinate behavior in the courtroom.  24 F.3d at 51.  Because of Plaintiff's record of disciplinary infractions involving indecent exposure, the Court finds that restraining Plaintiff is appropriate to maintain the security and decorum of the court.

When finding that restraining a party is appropriate, the court must next balance the prejudicial effect of shackling with considerations of preserving courtroom decorum and security. *Wilson*, 770 F.2d at 1484.  In balancing, the court must consider less drastic alternatives.  *Id.* at 1486.  In *Morgan*, the court found that removing handcuffs during trial and excusing the jury when the restrained party walked to the stand was sufficient to protect against the prejudicial effects of being shackled.  24 F.3d at 51-52.  Although the Court recognizes the need to restrain Plaintiff to ensure security and decorum in the courtroom, shackling his arms and waist in the jury's presence is an unnecessary measure and potentially prejudicial.  To minimize the potential for prejudice, the Court concludes that keeping Plaintiff in leg restraints properly balances the prejudicial effects of shackling with preserving security.  Plaintiff will have any restraints placed on his arms, waist, or hands removed before the jury enters the courtroom, and replaced outside the jury's presence.  The Court grants Plaintiff's request to use a scrim, provided by counsel, around counsel's table during trial to obstruct the jury's view of Plaintiff's leg restraints.  During the final pretrial conference on March 25, 2011, the parties expressed their agreement with the Court's order regarding shackling.

The Court grants Plaintiff's request to appear in civilian clothing during his jury trial due to the likelihood of prejudice that would result should Plaintiff be required to appear in his prison clothing.  *See Estelle v. Williams*, 425 U.S. 501, 504-507 (1976).  The Court warns Plaintiff and his counsel that Plaintiff must not engage in any form of misbehavior or insubordination in the courtroom, including any indecent exposure.

The Court **GRANTS in part and DENIES in part** Plaintiff's Motion in Limine No. 5.  The Court **ORDERS** that Plaintiff is permitted to appear in civilian clothing during his jury trial and that Plaintiff remain shackled with leg restraints in the jury's presence.  The Court **ORDERS** that Plaintiff be escorted into the courtroom before the jury enters and escorted out of the courtroom after the jury departs.

United States District Court

For the Northern District of California

6.      MIL No. 6 - Exclude Testimony of Jared Zwickey

Plaintiff moves to exclude the testimony of Jared Zwickey, Defendants' expert who opines that 1) Defendants acted in an official capacity during their encounter with Plaintiff and they  had probable cause to arrest Plaintiff; 2) Defendant Rynhardt had probable cause to search Plaintiff; 3) Defendant Thomas reasonably believed that Plaintiff possessed narcotics and was attempting to destroy the narcotics; and 4) Defendants' use of force was appropriate and reasonable under the circumstances.  *See* Declaration of Ashley M. Bauer, Ex. 8 (Doc. No. 199-8).  Plaintiff alternatively moves for a *Daubert* hearing.

Federal Rule of Evidence 702 permits expert testimony if the expert is qualified, the expert's testimony provides "scientific, technical, or other specialized knowledge" to assist the trier of fact, and the expert's testimony is reliable.  Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

An expert may not give his or her legal conclusion, that is, "an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002)).  Nor may an expert instruct the jury regarding the applicable law, which is the exclusive and distinct province of the trial court, *see id.*, or make credibility determinations, which is the exclusive role of the jury.  *See United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002).

Here, the Court finds that expert testimony on whether excessive force was used on Plaintiff is not permitted because this factual determination is properly within the jury's province and expert testimony will not assist the jury in making its determination.  *See* Fed. R. Evid. 702 & 703.  Mr. Zwickey's opinion that Defendants' use of force was appropriate and reasonable under the circumstances is therefore impermissible.  Because the parties stipulate that Defendants were acting under color of law, Mr. Zwickey's proffered opinion regarding official capacity is not helpful to the jury because this issue is not in dispute.  To the extent that Mr. Zwickey opines on the law, provides legal conclusions, or opines on Plaintiff's credibility, these portions of his proffered testimony are

**United States District Court**
For the Northern District of California

1 also inadmissible.[3]  In their opposition, Defendants clarify that Mr. Zwickey will not testify

2 regarding probable cause or the credibility of any witness.  The Court addresses probable cause to

3 arrest and search in more detail below in Section II.B.1.

4   Mr. Zwickey may, however, provide testimony on law enforcement standards and the jury

5 may rely on such testimony in making its determination on the ultimate factual issue.  Mr. Zwickey

6 is qualified to testify on law enforcement standards based on his 36 years of law enforcement

7 experience, which includes roles as the Chief of Police for the city of Concord and the city of Tracy,

8 and as an instructor at various colleges on law enforcement tactics and procedures.  Zwickey Report,

9 ¶¶ H-K, M (Doc. No. 199-8); *see Hangarter*, 373 F.3d at 1015-16 (an expert may be qualified based

10 on experience).  Testimony on law enforcement standards will assist the trier of fact because it

11 provides other "specialized" knowledge.  The Court reiterates that Mr. Zwickey may not, as he

12 himself conceded in his deposition, testify as to the ultimate issue here-- whether Defendants used

13 excessive force on Plaintiff during his February 5, 2003 arrest.  The Court therefore **GRANTS in**

14 **part and DENIES in part** Plaintiff's Motion In Limine No. 6.

15   <u>7.</u>  <u>MIL No. 7 - Limit Testimony of Dr. Peter Sfakianos</u>

16   Plaintiff moves to limit the testimony of Dr. Peter Sfakianos, Defendants' medical expert, to

17 his evaluation of the February 5, 2003 incident and to prohibit Dr. Sfakianos from testifying about

18 an alleged April 22, 2003 incident.  Plaintiff alternatively moves for a *Daubert* hearing.  Defendants

19 argue that Dr. Sfakianos' testimony regarding the April 2003 incident is properly admitted because

20 the April 2003 incident occurred prior to the underlying arrest.  Defendants are incorrect and their

21 argument to the contrary is confusing.  The underlying arrest at issue in this action occurred on

22 February 5, 2003, which is more than two months before the separate April 2003 incident, which is

23 not part of the current action before the Court.

24   As described above, Federal Rule of Evidence 702 permits expert testimony if the expert is

25 qualified, the expert's testimony provides "scientific, technical, or other specialized knowledge" to

26

27 --------------------

28   [3] In their MIL No. 2, Defendants concede that the determination of excessive force and witness credibility are within the province of the trier of fact.  Defs.' MIL No. 2, at 4.

14

United States District Court

For the Northern District of California

assist the trier of fact, and the expert's testimony is reliable.  Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In response to the Court's request at the hearing on this motion, Defendants filed a supplemental opposition to Plaintiff's MIL No. 7 providing Dr. Sfakianos' curriculum vitae; his supplemental expert report dated February 9, 2011; a list of cases since 2003 in which he has been deposed as an expert witness; and a list of over ninety cases since 2003 in which he has testified at trial as an expert witness.  Doc. No. 221.  Dr. Sfakianos has over twenty years of experience as an orthopaedic surgeon.  The Court find that Dr. Sfakianos is qualified to testify as a medical expert.  *See* Defs.' Supp. Opp'n (Doc. No. 221); Bauer Decl., Exs. 9 (under seal) & 15 (Doc. No. 199-15).

The Court is unable, however, to determine whether Dr. Sfakianos' proposed testimony "is based upon sufficient facts or data" as required under Rule 702.  Defendants' opposition to Plaintiff's MIL No. 7 does not address the sufficiency of the facts and data upon which Dr. Sfakianos' expert opinion is based.  Doc. Nos. 216, 221.  Dr. Sfakianos reviewed pleadings from a different case involving Plaintiff, *Seals v. Russell*, and at Dr. Sfakianos' deposition, he appeared confused between the February 5, 2003 arrest and the April 22, 2003 incident at the prison, which is the subject of a separate lawsuit.  *See* Pl.'s MIL No. 7 (Doc. No. 194); Bauer Decl., Exs. 9 & 15.

Therefore, the Court must conduct a *Daubert* inquiry to evaluate the reliability of Dr. Sfakianos' proposed testimony outside of the presence of the jury.  During trial, the Court will conduct its *Daubert* inquiry the morning of Dr. Sfakianos' testimony before the jury is impaneled. The Court therefore reserves its decision on Plaintiff's MIL No. 7 pending the *Daubert* inquiry.

**B.      Defendants' Motions In Limine**

Defendants have filed three motions in limine, which are numbered as follows, to:

1) Preclude Evidence on Issues Previously Determined; 2) Limit Testimony of Plaintiff; and

3) Preclude Defendants' Character Evidence.  Doc. Nos. 179-181.  Plaintiff opposes all of

United States District Court

For the Northern District of California

1   Defendants' motions in limine.[4]  Doc. Nos. 209, 210, 212-214.

2       1.    MIL No. 1 - Preclude Evidence on Issues Previously Determined

3       Defendants move to preclude evidence on issues they argue were previously determined in

4   the criminal proceedings, specifically that:  1) Defendants' contact with Plaintiff was consensual;

5   2) Defendants' parole search of Plaintiff was constitutional; 3) there was probable cause to detain

6   and arrest Plaintiff; 4) Defendants' arrest of Plaintiff was constitutional; and 5) Plaintiff actually

7   possessed and actually transported cocaine on February 5, 2003.  Defendants request that the jury be

8   instructed on these issues and that all evidence in the present civil action be limited to Plaintiff's

9   excessive force claim.  Defendants further argue that these issues are relevant and material to the

10   jury's assessment of Defendants' conduct and use of force under the circumstances.  Because

11   Plaintiff has testified in his deposition in this current civil action that he did not possess cocaine and

12   that the cocaine was planted on him, Defendants argue that a pretrial order precluding such

13   testimony is necessary.  Plaintiff contends that collateral estoppel is improper here because whether

14   Defendants used excessive force was not addressed in the criminal proceedings.  Plaintiff further

15   contends that Defendants' argument regarding his conviction is moot because Plaintiff has stipulated

16   to the fact that he was convicted.

17       During the motions in limine hearing, Defendants argued that the current civil action is

18   limited to Plaintiff's excessive force claim and the five issues described above are not relevant here,

19   nor are these issues upon which the jury will deliberate.  The Court agrees with Defendants.  Their

20   argument, however, supports the denial of Defendants' motion in limine.  The constitutionality of

21   Defendants' search and seizure of Plaintiff are not at issue here, and whether Defendants used

22   excessive force was not determined in the state criminal proceedings against Plaintiff.  Instructing

23   the jury as Defendants request has a high likelihood of confusing and misleading the jury into

24   believing that if the officers had probable cause or Plaintiff's consent, then no excessive force was

25   used.  *See* Fed. R. Evid. 403.  In addition, Plaintiff has stipulated to the fact that he was convicted.

26       Defendants are entitled to introduce testimony regarding the factual circumstances of

27 ─────────────────────

28       [4]  Portions of Plaintiff's opposition to Defendants' MIL No. 3 and Exhibit B to the Bauer declaration in support of his opposition have been filed under seal.  The redacted versions of Plaintiff's opposition is available at docket number 220.

1    Plaintiff's arrest because the circumstances are relevant for the jury's determination of whether

2    excessive force was used.  For example, Defendants will be permitted to present their version of

3    what happened during Plaintiff's arrest such as their allegation that Defendants used force on

4    Plaintiff to prevent Plaintiff from swallowing narcotics.  But Defendants may not argue or introduce

5    evidence that the five issues described above were determined by the state trial court in the criminal

6    proceedings.  The Court therefore **DENIES** Defendants' MIL No. 1.

7           During trial, if Plaintiff presents testimony or other evidence regarding the lawfulness of the

8    underlying conviction or testimony or other evidence that opens the door to the constitutionality of

9    Defendants' search and seizure of Plaintiff, Defendants may move at that time to introduce evidence

10   from the state trial court's criminal proceedings for impeachment and rebuttal purposes.  If Plaintiff

11   opens the door to such evidence, Defendants must ask for the Court's leave out of the jury's

12   presence to introduce this evidence.

13          2.      MIL No. 2 - Limit Testimony of Plaintiff

14          Defendants move to preclude Plaintiff from a) testifying regarding medical diagnosis,

15   prognosis, treatment, or causation; and b) using legal terminology, providing legal opinions, or

16   providing legal conclusions.  The portion of Defendants' MIL No. 2 regarding issues allegedly

17   determined in the criminal proceedings is repetitive with their MIL No. 1, which is addressed above

18   and is not repeated here.  Plaintiff contends that Defendants fail to identify the evidence to be

19   excluded and that their motion in limine is speculative.  Plaintiff further contends that medical

20   expert testimony is not required to establish causation in a § 1983 excessive force action and that

21   Plaintiff himself may testify regarding his pain and injuries.

22          Defendants' concerns about Plaintiff's testimony at trial are based in large part on Plaintiff's

23   testimony during his deposition in January 2010.  Plaintiff was deposed while he was pro se, before

24   pro bono counsel was appointed on April 20, 2010.  Also, Defendants chose to ask Plaintiff to

25   provide his opinion on certain subjects during his deposition including whether certain actions

26   constituted excessive force in Plaintiff's opinion.  *See* Bauer Decl., Ex. A at 145:15-20 (Doc. No.

27   214).

28

United States District Court

For the Northern District of California

Defendants are correct that Plaintiff is not qualified as a medical expert to diagnose or prescribe treatment for his alleged injuries resulting from the February 5, 2003 arrest; to evaluate whether the medical care he received was adequate; or opine on the general quality and availability of medical care in the prison system. *See* Fed. R. Evid. 702; *Hangarter*, 373 F.3d at 1016. As Defendants conceded at the March 25, 2011 hearing, Plaintiff is entitled to testify about his alleged injuries and pain from the February 5, 2003 arrest and the medical care he received for these injuries. Plaintiff is correct that he is not required to present a medical expert to establish his § 1983 excessive force case. *See Memphis Cmty. Sch. Dist. V. Stachura*, 477 U.S. 299, 305-306 (1986). It would be improper to prevent a plaintiff from testifying about injuries the plaintiff allegedly received in the incident that is the subject of the plaintiff's lawsuit

No witness, including Plaintiff, may testify as to whether excessive force was used on Plaintiff or whether a witness is credible because these are factual determinations properly within the jury's province. *See Geston*, 299 F.3d at 1136. No witness, including Plaintiff, may instruct the jury on the law or testify as to whether evidence is admissible or constitutes hearsay because these are within the Court's province. *See Hangarter*, 373 F.3d at 1016. The Court does not, however, preclude Plaintiff from using all legal terminology because this is too broad a prohibition and premature at this time. During trial, Defendants may raise objections to Plaintiff's testimony and the Court will address Defendants' concerns at that time. The Court therefore **GRANTS in part and DENIES in part** Defendants' Motion In Limine No. 2.

3.     MIL No. 3 - Preclude Defendants' Character Evidence

Defendants move to preclude evidence of Defendants' character or employment history including testimony regarding Defendants' political affiliation, activities outside of work, and other incidents of excessive force in which Defendants were involved. Plaintiff argues that evidence of Defendants' racial motivation or use of racial slurs is admissible and that specific instances of Defendants' lack of truthfulness are admissible under Rule 608(b). Plaintiff further argues that Defendants' MIL No. 3 is overbroad.

Evidence of Defendants' racial motivation, racial bias, and use of racial slurs is relevant to Plaintiff's excessive force claim to assess the objective reasonableness of Defendants' use of force

United States District Court

For the Northern District of California

1  and to Plaintiff's request for punitive damages. *See Price v. Kramer*, 200 F.3d 1237, 1250-51 (9th

2  Cir. 2000) (racial bias evidence admissible in § 1983 action for excessive force and unlawful search

3  and seizure); *see also Brown v. City of Hialeah*, 30 F.3d 1433, 1436-37 (11th Cir. 1994).  The Court

4  denies this portion of Defendants' MIL No. 3.

5      Defendants' political affiliation and activities outside of work are not relevant to Plaintiff's

6  claim of excessive force and are therefore, inadmissible.  *See* Fed. R. Evid. 401 & 402.  To the

7  extent that this evidence is relevant to Defendants' racial motivation, racial bias, or use of racial

8  slurs, however, the evidence is admissible as discussed above.

9      Defendants generally seek to preclude evidence of Defendants' employment and personnel

10  history, but do not provide enough detail to enable the Court to assess whether such evidence is

11  admissible.  Generally, character evidence is not admissible to prove conduct in conformity with that

12  character or trait.  Fed. R. Evid. 404.  Under one exception to this rule, specific instances of conduct

13  may be admitted to attack or support a witness' character for truthfulness.  *See* Fed. R. Evid.

14  404(a)(3) & 608(b).  Therefore, evidence of specific instances of Defendants' conduct may be

15  admitted to attack Defendants' character for truthfulness, including incidents of lying.  The Court

16  grants Defendants' request that Plaintiff ask for leave of Court out of the jury's presence to

17  introduce any such character evidence.

18      Plaintiff is reminded that this rule applies to him as well. Evidence of specific instances of

19  *Plaintiff's* conduct may also be admitted to attack *Plaintiff's* character for truthfulness.  Defendants

20  must also ask for leave of Court out of the jury's presence to introduce this evidence.

21      The Court therefore **GRANTS in part and DENIES in part** Defendants' Motion In Limine

22  No. 3.

23              **III.  CONCLUSION**

24      For the reasons stated above, the Court rules on the parties' motions in limine as follows:

25  1)    Plaintiff's Motion In Limine No. 1 is **GRANTED in part and DENIED in part**.  Evidence

26        of Plaintiff's 1989 false imprisonment conviction, 1992 grand theft conviction, 1995

27        attempted murder and assault conviction, and misdemeanor convictions is inadmissible, even

28

United States District Court
For the Northern District of California

1    for impeachment purposes.  Evidence of Plaintiff's 2005 possession and transportation of

2    cocaine conviction is admissible for the limited purpose of impeachment.

3    2)    Plaintiff's Motion In Limine No. 2 is **GRANTED** with limitations and references to

4    Plaintiff's  mental health status and history, including Plaintiff's April 2004 letter to Judge

5    Arthur Mann of the Lake County Superior Court and documents created by Plaintiff's

6    healthcare provider discussing his mental health, are inadmissible and will be excluded at

7    trial.

8    3)    Plaintiff's Motion In Limine No. 3 is **GRANTED** and references to Plaintiff's other lawsuits

9    or grievances are inadmissible and will be excluded at trial.

10    4)    Plaintiff's Motion In Limine No. 4 is **GRANTED** with limitations.  References to Plaintiff's

11    prison disciplinary record and status as a prisoner are prohibited with the limitations

12    described above.  Defendants must refer to Plaintiff by his name during trial.

13    5)    Plaintiff's Motion In Limine No. 5 is **GRANTED in part and DENIED in part**.  Plaintiff is

14    permitted to appear in civilian clothing during his jury trial and Plaintiff will be shackled

15    with leg restraints in the jury's presence.

16    6)    Plaintiff's Motion In Limine No. 6 is **GRANTED in part and DENIED in part**.  Defense

17    expert Mr. Zwickey may only provide opinion testimony on law enforcement standards, but

18    may not testify as to whether Defendants used excessive force on Plaintiff during the

19    February 5, 2003 arrest.

20    7)    The Court concludes that Defendants' medical expert, Dr. Sfakianos, is qualified to testify as

21    a medical expert.  The Court **reserves** its decision on Plaintiff's Motion In Limine No. 7,

22    however, pending a *Daubert* inquiry to evaluate the reliability of Dr. Sfakianos' proposed

23    testimony.  The *Daubert* inquiry will be conducted outside of the presence of the jury.

24    8)    Defendants' Motion In Limine No. 1 is **DENIED**.  During trial, if Plaintiff presents

25    testimony or other evidence regarding the lawfulness of the underlying conviction or

26    testimony or other evidence that opens the door to the constitutionality of Defendants' search

27    and seizure of Plaintiff, Defendants may move at that time to introduce evidence from the

28    state trial court's criminal proceedings for impeachment and rebuttal purposes.

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

9)  Defendants' Motion In Limine No. 2 is **GRANTED in part and DENIED in part**.  Plaintiff may not testify as to whether excessive force was used on him; whether the medical care Plaintiff received was adequate or provide a medical diagnosis; the credibility of other witnesses; or instruct the jury on the law.  Plaintiff may testify about his alleged injuries, pain, and medical care received related to the underlying incident.

10)  Defendants' Motion In Limine No. 3 is **GRANTED in part and DENIED in part**. Evidence of Defendants' racial motivation, racial bias, and use of racial slurs is admissible. Evidence of Defendants' political affiliation and activities outside of work are not admissible.  Evidence of specific instances of Defendants' *or* Plaintiff's conduct may be admitted to attack Defendants' or Plaintiff's character for truthfulness.  The parties must ask for leave of Court out of the jury's presence to introduce any such character evidence.

**IT IS SO ORDERED.**

Dated:  April 12, 2011

_____
NANDOR J. VADAS
United States Magistrate Judge