United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL IZELL SEALS, | No. CV 04-3764 NJV |
| Plaintiff, | **PRETRIAL ORDER RE: EXHIBITS, WITNESSES, DISCOVERY DESIGNATIONS** |
| v. | |
| OFFICER RODNEY K. MITCHELL, ET AL., | (Doc. Nos. 175, 183, 196-198, 233) |
| Defendants. | |

Plaintiff Michael Izell Seals brought a 42 U.S.C. § 1983 action against Defendants John Rynhart and Lyle Thomas alleging use of excessive force during Plaintiff's arrest on February 5, 2003. The final pretrial conference was held on March 25, 2011 and trial is set for May 10, 2011. This order addresses the parties' pretrial filings regarding exhibits, witnesses, and designation of discovery excerpts. Doc. Nos. 175, 183, 196-198, 233. The parties' motions in limine are addressed in a separate order.

**DISCUSSION**

**A.  Exhibits**

<u>1.  Plaintiff's Exhibits</u>

The Court only addresses Plaintiff's exhibits to which Defendants object. Doc. Nos. 218, 233.

a)  Exhibits 1, 27, 30-32: Plaintiff's Citizen Complaint, Investigation Report & Interviews Regarding Plaintiff's Citizen Complaint

Plaintiff has included in his exhibit list his Citizen Complaint, the Lake County Sheriff's Department's Investigation Report, and the interviews conducted by the Lake County Sheriff's Department regarding his Citizen Complaint. The Court will address these exhibits as they arise

during trial at which point Defendants may renew their objections. Plaintiff has withdrawn its proposed Exhibit Nos. 28, 29, and 33.

        b)        Exhibits 2, 3 & 5: Lake County Sheriff's Department Policies, Procedures & Training

The Lake County Sheriff's Department policies, procedures, and training documents regarding the use of force and the carotid control maneuver are admissible because they are relevant to what force Defendants employed in the course of Plaintiff's arrest and whether Defendants' use of force was reasonable.

        c)        Exhibits 7-9: Declarations from Defendants' Motion for Summary Judgment

Because Defendants and Crystal Esberg will be testifying at trial, the declarations they submitted in support of Defendants' motion for summary judgment are admissible only for impeachment purposes or to refresh the witness' recollection.

        d)        Exhibit 13: Defendant Rynhart's Probable Cause/ Bail Declaration

Defendant Rynhart's probable cause/ bail declaration is inadmissible hearsay but may be admitted for impeachment purposes. The Court's order on the parties' motions in limine also addresses probable cause from the state court's criminal proceedings against Plaintiff.

        e)        Exhibit 14: Defendant Thomas' Drawing of Parking Lot

Defendant Thomas' drawing of the area in which Plaintiff's arrest took place is admissible. The Court notes that Defendants only object to this exhibit based on Plaintiff's failure to disclose it and have not objected to Defendant Rynhart's drawing of the same parking lot in question (Ex. 18).

        f)        Exhibits 19-26, 78-122: Defendants' Personnel Files and Training Evaluations

Evidence of Defendants' employment and personnel history is addressed in more detail in the Court's order on the parties' motions in limine. These exhibits may be admissible under certain circumstances. The Court will address these exhibits as they arise during trial at which point Defendants may renew their objections.

        g)        Exhibits 34-77: Plaintiff's Medical Documents

Plaintiff has included various documents related to his medical condition and treatment including treatment notes, physician findings and recommendations, and his "sick call" requests for treatment in prison. These exhibits may be admissible under certain circumstances. The Court will

address these exhibits as they arise during trial at which point Defendants may renew their objections.

        h)        Exhibit 127: Defendants' Discovery Responses

Defendants object to Exhibit 127, their Third Supplemental Disclosures, on relevance grounds. The Court will address this exhibit as it arises during trial at which point Defendants may renew their objection. The Court notes that Defendants did not object to Exhibits 123 through 126, their responses to Plaintiff's requests for admissions and interrogatories.

        i)        Exhibits 128-138: Deposition Transcripts

Plaintiff has included in his exhibit list the deposition transcripts of Plaintiff, Defendants, and other witnesses. Unless a witness is unavailable for trial, his or her deposition transcript is admissible only for impeachment or rebuttal purposes, or to refresh the witness' recollection.

        2.        <u>Defendants' Exhibits</u>

Plaintiff objects to four of Defendants' proposed exhibits. Exhibits 1 and 2 consist of the abstracts of judgment for Plaintiff's convictions in 2005 for possession and transportation of cocaine and in 1995 for attempted murder and assault, respectively. These exhibits are inadmissible. Evidence of Plaintiff's convictions is addressed in more detail in the Court's order on the parties' motions in limine.

Exhibit 12 consists of Plaintiff's Booking Classification Sheets. Plaintiff argues that these documents are prejudicial and irrelevant because he stipulates to the 2005 drug conviction arising out of this arrest. This exhibit is inadmissible because it not relevant and because the parties have already agreed to other documents related to Plaintiff's booking after his February 5, 2003 arrest.

Exhibit 13 consists of Plaintiff's April 2004 letter to Judge Arthur Mann of the Lake County Superior Court. This exhibit is inadmissible. Evidence of Plaintiff's mental health is addressed in more detail in the Court's order on the parties' motions in limine.

Exhibit 14 consists of Plaintiff's opposition brief from another case in which Plaintiff has sued correctional officers, *Seals v. Russell*. This exhibit is inadmissible. Evidence of Plaintiff's other lawsuits is addressed in more detail in the Court's order on the parties' motions in limine.

3

**B.   Witnesses**

Plaintiff only objects to Defendants' expert on excessive force (Jared Zwickey) and Defendants' medical expert (Dr. Peter Sfakianos). Plaintiff's motions in limine numbers 6 and 7 to exclude testimony from these experts address Plaintiff's objections in more detail and the Court has issued a separate order on the parties' motions in limine. Defendants do not object to Plaintiff's witness list.

**C.   Plaintiff's Designation of Discovery Excerpts**

Defendants object to Plaintiff's designation of discovery excerpt No. 5 from Defendants' Third Supplemental Disclosures as hearsay, irrelevant, and lacking foundation. Plaintiff has indicated that it intends to introduce this document only for impeachment or rebuttal purposes.

Defendants also object to Plaintiff's designation of deposition transcripts because Plaintiff has designated entire deposition transcripts. As Plaintiff clarified during the final pretrial conference, Plaintiff has identified these deposition transcripts for impeachment or rebuttal purposes, so Plaintiff cannot now identify what excerpts he may use to impeach a witness or for rebuttal purposes.

The Court denies Defendants' objections as premature. Defendants may renew their objections at trial if Plaintiff moves to introduce such evidence and the Court will address their objections at that time.

**IT IS SO ORDERED.**

Dated: April 12, 2011

NANDOR J. VADAS
United States Magistrate Judge