NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL IZELL SEALS,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER RODNEY K. MITCHELL, ET AL.,<br><br>    Defendants.<br>_____/ | No. CV 04-3764 NJV<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER REGARDING EXPERT FEES FOR DEPOSITION TIME<br><br>(Doc. No. 247) |

Plaintiff Michael Izell Seals brought a 42 U.S.C. § 1983 action against Defendants John Rynhart and Lyle Thomas alleging use of excessive force during Plaintiff's arrest on February 5, 2003. The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). On February 16, 2011, Plaintiff deposed Defendants' medical expert, Dr. Peter N. Sfakianos. Plaintiff now moves for a protective order pursuant to Federal Rule of Civil Procedure 26(b)(4)(C) to reduce Dr. Sfakianos' hourly fee for deposition time. Doc. No. 247. Defendants oppose the motion. Having carefully considered the papers submitted, and for good cause shown, the Court GRANTS in part and DENIES in part Plaintiff's motion.

**DISCUSSION**

A.   Legal Standard

Under Rule 26(c), the court "may, for good cause... protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery. The party seeking a protective order has the burden of showing that the protection is warranted. Fed. R. Civ. P. 26(c). With respect to expert fees, Rule 26(b)(4)(C) provides that "[u]nless manifest injustice would result,

... the party seeking discovery [must] pay the expert a reasonable fee for time spent in responding to discovery." "What constitutes a 'reasonable fee' for purposes of Rule 26(b)(4)(C) lies within the Court's sound discretion." *Edin v. The Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545 (D. Ariz. 1999) (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2034 at 469-70 (2d ed. 1994)).

In determining whether the expert's fee is "reasonable," the court may consider the following factors:

(1) the witness's area of expertise;

(2) the education and training required to provide the expert insight which is sought;

(3) the prevailing rates of other comparably respected available experts;

(4) the nature, quality, and complexity of the discovery responses provided;

(5) the fee actually charged to the party who retained the expert;

(6) fees traditionally charged by the expert on related matters; and

(7) any other factor likely to assist the court in balancing the interests implicated by Rule 26.

*Edin*, 188 F.R.D. at 546; *see also Mendez v. Unum Provident Corp.*, 2005 WL 1774323, *2 (N.D. Cal. July 26, 2005) (not reported).

B.     Analysis

Dr. Sfakianos is an orthopaedic surgeon with over twenty years of experience and substantial experience serving as an expert in litigation. In its order on the parties' motions in limine, the Court previously found that Dr. Sfakianos is qualified to testify as a medical expert in this action. Doc. No. 238 at 15.

Dr. Sfakianos charges $600 per hour for reviewing records for litigation, which is charged to the counsel retaining him, and $1,000 per hour for deposition time, which is charged to opposing counsel. Plaintiff deposed Dr. Sfakianos for two (2) hours and moves for a protective order requesting that Dr. Sfakianos' hourly rate for deposition time be reduced from $1,000 per hour to $600 per hour, the rate he charges for record review. Plaintiff contends that Dr. Sfakianos' hourly rate should be reduced because his expert report was incomplete and inaccurate and because his

2

hourly rate is higher than other comparable orthopaedic surgeons in the Sacramento, California area. In support of his argument, Plaintiff has submitted the fee schedule of six orthopaedic surgeons in the Sacramento, California area who charge $750 per hour for deposition time. Declaration of Rahul Kolhatkar, Exs. F at 5, L-Q (Doc. No. 249). Defendants argue that Dr. Sfakianos' hourly rate for deposition time is reasonable and commensurate with the market rate. In support of their argument, Defendants have submitted the fee schedules of five other orthopaedic surgeons in the Sacramento, California area, ranging from $750 to $1,000 per hour for deposition time. Declaration of Mark A. Jones, Exs. D & H (Doc. Nos. 245 & 246).[1]

The first two *Edin* factors to determine reasonableness of the expert's fee, which are the area of expertise and the education and training required, weigh in favor of finding Dr. Sfakianos' hourly rate reasonable. The parties do not dispute the medical expertise, additional education, or training required of an orthopaedic surgeon to evaluate Plaintiff's allegations of physical injury.

The other factors, however, weigh against finding Dr. Sfakianos' hourly rate reasonable. Under the third factor, Dr. Sfakianos' hourly rate is at the high end of the range for other comparable orthopaedic surgeons. Based on the fee schedules submitted by the parties for comparable orthopaedic surgeons in the Sacramento area, the hourly rate for deposition time ranges from $750 to $1,000 per hour, with more doctors charging at the lower $750 hourly rate.

Under the fourth factor, the nature, quality, and complexity of Dr. Sfakianos' discovery responses weigh against finding his hourly rate to be reasonable. Defendants do not contend that Dr. Sfakianos' deposition testimony, or the general subject matter of his expert report, is particularly complex. As the Court previously indicated in its order on the parties' motions in limine, Dr. Sfakianos' expert report and deposition testimony indicates some confusion between Plaintiff's February 5, 2003 arrest, which is the underlying event for this action, and a separate incident involving Plaintiff that occurred in prison on April 22, 2003, which is the subject of a separate lawsuit, *Seals v. Russell*. *See* Doc. No. 238 at 15; Kolhatkar Decl., Ex. A at 2, 6, 10 (Doc. No. 249).

---

[1] Defendants also submitted the fee schedule for an orthopaedic surgeon located in Carson City, Nevada, which is outside the relevant market and is not considered for the purposes of this motion. *See* Jones Decl., Ex. H. The Court also notes that the chambers copies of the Jones declaration did not contain all of the exhibits contained in the version electronically filed. For example, the fee schedule for Dr. Christopher Neubuerger is missing in Exhibit D.

1    Under the fifth factor, Dr. Sfakianos charged Defendants $600 per hour to review records to
2 prepare his expert report, substantially less than the $1,000 hourly rate charged for his deposition
3 time. In *Edin*, the court found that it was reasonable to charge a "*modestly*" higher fee for
4 deposition time. 188 F.R.D. at 547 (emphasis added). The orthopaedic surgeon in *Edin* charged the
5 retaining attorney $400.00 per hour for his medical/legal consultation and $400.00 per hour for
6 deposition preparation, but $800 for the first hour of deposition time and $600 per hour thereafter.
7 The court noted that the expert's hourly rate for deposition time was much higher "even though the
8 subject matter, issues, and questions are usually the same or similar to those which the retaining
9 attorney asks during the consultation." *Id*. Despite the average hourly rate of $775 per hour based
10 on four sample fee schedules for other orthopedic surgeons submitted by the parties, the *Edin* court
11 reduced the expert's hourly deposition rate to $450 per hour, a "modestly" higher fee than the $400
12 per hour rate charged for his medical/legal consultation. *Id*. at 546-47. Here, Dr. Sfakianos' $1,000
13 hourly rate for deposition time is substantially higher than his $600 hourly rate for reviewing
14 records, approximately 67% higher.

15    Under the sixth factor, Dr. Sfakianos charges less for related matters. *See* Jones Decl., Ex. B.
16 He charges $600 per hour to review records, the rate he charged Defendants, and $750 per hour for
17 medical-legal evaluations for the first 1.5 hours, then $250 for each additional half-hour. He also
18 charges less for expert reports: $850 for reports up to 25 pages long and $950 for reports over 25
19 pages long.

20    On balance, and especially given the confusion in Dr. Sfakianos' expert report and
21 deposition testimony between the underlying arrest and a separate incident in prison, the Court holds
22 that Plaintiff has established good cause for a protective order decreasing Dr. Sfakianos' hourly fee
23 for deposition time from $1,000 per hour to $750 per hour.

## CONCLUSION

25    Plaintiff's motion for a protective order pursuant to Federal Rule of Civil Procedure
26 26(b)(4)(C) to reduce Dr. Sfakianos' hourly fee for deposition time is GRANTED in part and
27 / / /
28 / / /

4

DENIED in part.  Dr. Sfakianos' hourly fee for deposition time is reduced from $1,000 per hour to $750 per hour.

**IT IS SO ORDERED.**

Dated:  May 3, 2011

NANDOR J. VADAS
United States Magistrate Judge