1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

MICHAEL IZELL SEALS,

          Plaintiff,

    v.

OFFICER RODNEY K. MITCHELL, ET AL.,

          Defendants.

_____/

No. CV 04-3764 NJV

**ORDER GRANTING PRO BONO COUNSEL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF; DENYING PLAINTIFF'S CHALLENGE TO THE CLERK'S TAXATION OF COSTS; AND GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

(Doc. Nos. 263, 269, 271, 273)

Plaintiff  Michael Izell Seals brought a 42 U.S.C. § 1983 action against Defendants John Rynhart and Lyle Thomas alleging use of excessive force during Plaintiff's arrest on February 5, 2003.  The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). On May 13, 2011, after a four day trial, the jury reached a verdict for Defendants on Plaintiff's excessive force claim.  Doc. No. 257.  Proceeding pro se after trial, Plaintiff has filed multiple motions for a new trial, to challenge the clerk's taxation of costs, and for leave to proceed *in forma pauperis* on appeal.  Doc. Nos. 263, 269, 270, 273.  On June 16, 2011, Plaintiff's pro bono counsel moved to withdraw as counsel.  Doc. No. 271.  Pursuant to Local Rule 7-1(b), Plaintiff's motions were taken under submission on the papers.  Having carefully considered the papers submitted, and for good cause shown, the Court **DENIES** as moot Plaintiff's motion for an extension of time; **GRANTS** counsel's motion to withdraw as counsel for Plaintiff; **DENIES** Plaintiff's challenge to the clerk's taxation of costs; and **GRANTS** Plaintiff's motion to proceed *in forma pauperis* on appeal.  The Court will address Plaintiff's motion for a new trial in a separate order.

United States District Court

For the Northern District of California

# I. BACKGROUND

On February 5, 2003, Deputy John Rynhart and Deputy Lyle Thomas arrested Plaintiff on charges of violation of California Health & Safety Code sections 11350(a) (possession of cocaine) and 11352 (possession of cocaine with intent to sell), violation of California Penal Code section 3056 (violation of California Department of Corrections parole status), and violation of California Vehicle Code section 12500(c) (driving without a license).  The parties' descriptions of the incident giving rise to Plaintiff's claim are detailed in the Court's September 28, 2007 Order Granting Defendants' Motion for Summary Judgment (Doc No. 71) (Judge Saundra Brown Armstrong), *rev'd by Seals v. Mitchell*, No. 07-16951, slip op. (9th Cir. May 26, 2009) (Doc. No. 90).   Plaintiff alleges that, in the course of the arrest, the deputies used excessive force in violation of his Fourth Amendment rights.

On September 8, 2004, Plaintiff, appearing *pro se*, filed this civil rights action seeking damages under 42 U.S.C. § 1983.  In the complaint, Plaintiff named twenty-two Defendants and asserted eight claims alleging Fourth Amendment, equal protection, and due process violations.  In an Order dated May 23, 2007, the Court found that Plaintiff stated a cognizable Fourth Amendment claim against two Lake County Sheriff's Officers, Defendants Rynhart and Thomas, for alleged use of excessive force during Plaintiff's arrest on February 5, 2003.  Doc. No. 55.  The Court dismissed all other claims against the remaining Defendants for failure to state a claim upon which relief may be granted.  *Id*.  Plaintiff's claims for injunctive relief were dismissed as moot.

Defendants Rynhart and Thomas filed a motion for summary judgment on the grounds that Defendants were entitled to qualified immunity and that no triable issue of material fact existed because the force used was objectively reasonable under the circumstances.  Doc. No. 61.  Plaintiff filed a cross-motion for summary judgment.  Doc. No. 68.  On September 28, 2007, the Court denied Plaintiff's motion for summary judgment and granted Defendants' motion for summary judgment on the grounds of qualified immunity and the absence of a genuine issue as to the reasonableness of force.  Doc. No. 71.

Plaintiff appealed the Court's entry of summary judgment for Defendants.  The Ninth Circuit reversed this Court's grant of summary judgment and remanded.  Doc. No. 90.  Following remand,

**United States District Court**
For the Northern District of California

the action was reassigned to the undersigned judge upon the parties' consent to proceed before a United States Magistrate Judge. Pro bono counsel for Plaintiff was appointed by order dated April 20, 2010. Doc. No. 117.

The case proceeded through discovery, motion practice, and pretrial filings on Plaintiff's excessive force claim. Trial commenced on May 10, 2011. The jury reached a verdict on May 13, 2011, and found for Defendants on Plaintiff's excessive force claim. Doc. No. 257. Judgment was entered on May 16, 2011. Doc. No. 259.

On May 26, 2011, Plaintiff, now proceeding pro se, filed a motion for extension of time, to proceed *in forma pauperis* ("IFP") on appeal, and for a new trial.[1] Doc. No. 263. Also on May 26, 2011, Defendants filed their bill of costs and on June 13, 2011, costs in the amount of $9,503.05 were taxed against Plaintiff. Doc. Nos. 261, 268. On June 14, 2011, Plaintiff filed a motion for a new trial and a motion for summary judgment, and an objection to Defendants' bill of costs. Doc. Nos. 269, 270. On June 16, 2011, Plaintiff's pro bono counsel moved to withdraw as counsel. Doc. No. 271. Defendants oppose Plaintiff's motion for a new trial and for summary judgment. Doc. No. 274. Also on June 16, 2011, Plaintiff filed a second motion to proceed IFP on appeal. Doc. No. 273. On June 28, 2011, Defendants responded to Plaintiff's objections to the bill of costs. Doc. No. 275.

## II. DISCUSSION

The Court will now address Plaintiff's motions for extension of time, counsel's motion to withdraw, Plaintiff's challenge to the clerk's taxation of costs, and Plaintiff's motion to proceed IFP on appeal.

### A.   Extension of Time

Plaintiff's motion for an extension of time to file his notice of appeal is moot because Plaintiff timely filed a motion for a new trial on June 14, 2011, which stops the clock for his notice of appeal. *See* Fed. R. App. Proc. 4(a)(4)(A)(v). The time to file an appeal does not begin to run until the entry of this Court's order disposing of Plaintiff's motion for a new trial. *Id*. at 4(a)(4)(A).

---

[1]   The Court will address in a separate order Plaintiff's motion for a new trial as raised in his June 14, 2011 filing. Doc. No. 270. His May 26, 2011 filing is titled "motion for a new trial," but is cursory and does not address his arguments for a new trial. Doc. No. 263.

United States District Court

For the Northern District of California

In addition, the Ninth Circuit has issued an order holding Plaintiff's appeal in abeyance pending this Court's resolution of Plaintiff's motion for a new trial. *Seals v. Mitchell*, No. 11-16356 (9th Cir. July 5, 2011), available at Doc. No. 279.

**B.     Withdrawal of Counsel**

Pursuant to the Civil Local Rules, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11–5(a). Pro bono counsel from the law firm of Latham & Watkins LLP was appointed on April 20, 2010 and they competently and vigorously represented Plaintiff through trial, dedicating the time of multiple lawyers. On June 16, 2011, Plaintiff's counsel moved to withdraw as counsel and have indicated that they have provided written notice to Plaintiff and Defendants. Doc. No. 271. Plaintiff and Defendants have not filed any objections to counsel's withdrawal. The Court also notes that beginning May 26, 2011, Plaintiff began submitting his filings on his own without counsel. Plaintiff's counsel have shown good cause for their withdrawal, and withdrawal will be permitted.

**C.     Bill of Costs**

1.     <u>Legal Standard</u>

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The following categories of costs may be taxed:

> (1)     Fees of the clerk and marshal;
> (2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)     Fees and disbursements for printing and witnesses;
> (4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)     Docket fees under section 1923 of this title; [and]
> (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Taxation of costs is limited to these enumerated categories. The Civil Local Rules provide further guidance regarding the taxable costs in each category. Civ. L.R. 54–3.

4

**United States District Court**

For the Northern District of California

1    The district court has "discretion to refuse to award costs." *See Ass'n of Mexican–Am.*

2  *Educators*, 231 F.3d at 591. The Ninth Circuit has approved the refusal to award costs due to "the

3  losing party's limited financial resources, and misconduct on the part of the prevailing party." *Id.*

4  (internal citations omitted).

5    2.    Analysis

6    Defendants requested a total of $10,655.39 in costs, but the clerk ultimately taxed the

7  reduced sum of $9,503.05. Doc. Nos. 261, 268. Plaintiff's objections to the bill of costs were due

8  by June 9, 2011, within fourteen (14) days of the May 26, 2011 service of Defendants' bill of costs,

9  but Plaintiff did not file his objections until June 14, 2011. *See* Civ. L.R. 54–2. Though Plaintiff

10  has not filed a formal motion challenging the clerk's taxation of costs, the Court liberally interprets

11  Plaintiff's objections, which were filed pro se, as such a motion. In addition, Defendants are not

12  prejudiced because they have responded to Plaintiff's objections. Doc. No. 275. On July 19, 2011,

13  Plaintiff filed a "rebuttal" to Defendants' response. Doc. No. 281.

14    Plaintiff primarily argues that costs should be denied based on allegations of Defendants'

15  misconduct during trial and because Plaintiff is indigent.[2] Plaintiff further argues that because the

16  Court reduced the hourly deposition fee of Defendants' medical expert from $1,000 to $750, this

17  justifies denying Defendants' total bill of costs. Doc. No. 269 at 14. Defendants do not request

18  deposition time or expert fees in their bill of costs, nor may they request such fees. The Civil Local

19  Rules limit witness fees to per diem, subsistence and mileage payments. Civ. L.R. 54–3(e). In

20  addition, the clerk already reduced Defendants' requested costs for witness fees by $515.18 from

21  $1,173.18 to $658.00. Doc. No. 268. The Court rejects Plaintiff's challenge based on witness fees.

22  Plaintiff does not challenge any other specific costs.

23    Plaintiff's claims of misconduct are based on Defendant's alleged violations of pretrial

24  orders during trial. The Court concludes that Defendants did not engage in misconduct. Trials are

25  fluid and change depending on the testimony and evidence received. The Court warned and limited

26  both parties when the examination of a witness or argument was in violation of a pretrial order or

27  _____

28    [2] To the extent that Plaintiff's challenges to the taxed costs repeat arguments that Plaintiff has raised in his motion for a new trial, the Court will address Plaintiff's motion for a new trial in a separate order. *See* Doc. Nos. 269, 270.

**United States District Court**
For the Northern District of California

1    came close to violating a pretrial order.  Though the Court does find that Plaintiff is indigent, *see*

2    Section II.D below, the Court concludes that costs should not be denied on this basis.  Plaintiff is a

3    frequent litigant in this district court, *see* Doc. No. 82, was well aware of the risks of going to trial

4    should Defendants prevail, including responsibility for Defendants' costs, and the Court expressly

5    warned Plaintiff of these risks multiple times.  The Court **denies** Plaintiff's challenge to the clerk's

6    taxation of costs.

7    **D.      Motion to Proceed *In Forma Pauperis* on Appeal**

8           Plaintiff moves  to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. Proc. 24(a)(1).

9    Using the district court's prisoner IFP application, Plaintiff indicates that he is not employed and has

10   no assets.  Doc. No. 273.  As required under 28 U.S.C. § 1915(a)(2), Plaintiff has also filed a

11   Certification of Funds in Prisoner's Account indicating that for the most recent six month period, the

12   average deposits into Plaintiff's prison account was $8.33 and the average balance was $15.33.  Doc.

13   No. 273 at 5; *see* 28 U.S.C. § 1915(a).  The Certification of Funds in Prisoner's Account is dated

14   and signed June 1, 2011.  The Court finds that Plaintiff is indigent and that his appeal is taken in

15   good faith.  Therefore, the Court **grants** Plaintiff's request to proceed IFP on appeal.

16                               **III.  CONCLUSION**

17          For the foregoing reasons, and for good cause shown, the Court **denies as moot** Plaintiff's

18   motion for an extension of time; **grants** counsel's motion to withdraw as counsel for Plaintiff;

19   **denies** Plaintiff's challenge to the clerk's taxation of costs; and **grants** Plaintiff's motion to proceed

20   *in forma pauperis* on appeal.  This order terminates docket numbers 263, 269, 271, and 273.

21          Since trial, Plaintiff has filed numerous documents including duplicative motions, letters,

22   supplemental briefs, and other documents, often at a rate of multiple filings per week.  For docket

23   management purposes, Plaintiff may not file any further documents without written leave of the

24   Court.

25   **IT IS SO ORDERED.**

26

27   Dated:  July 25, 2011

     _____
     NANDOR J. VADAS
28   United States Magistrate Judge